MISSOURI PACIFIC RAILROAD COMPANY, Appellant,

v.

Victoria VLACH, Ind. & a/n/f of Victoria Ann Vlach, et al., Appellees.

No. A14–84–396CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 1985.

Rehearing Denied March 14, 1985.

Gordon A. Holloway, Sewell & Riggs, Houston, for appellant.

William Mac Gann, Gann, Fried & Edwards, Travis Johnson, Robert D. Roll, Martin & Sperry, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellees, the wife and six children of the deceased Terence Paul Vlach, brought suit under the Wrongful Death Statute, TEX.REV.CIV.STAT.ANN. art. 4671 (Vernon Supp.1984) and the Survival Statute, TEX.REV.CIV.STAT.ANN. art. 5525 (Vernon 1958) against Missouri Pacific Railroad Co., appellant.

On December 6, 1977, appellant's train struck Terence Vlach when he drove his truck into the crossing. He was hospitalized until he died on January 9, 1978. The jury found that the negligence of both appellant and Terence Vlach proximately caused Vlach's death. The jury attributed 50% negligence to each. The trial court granted to each appellee 50% of the damages found by the jury for:

1) care, maintenance, support, services and contributions of pecuniary value that appellee would in reasonable probability have received from Terence Paul Vlach during his lifetime had he lived.

2) loss of love, advice, comfort, companionship and society that appellee has suffered since the death of Terence Paul Vlach, and which appellee will, in all reasonable probability suffer in the future.

3) grief, sorrow, emotional trauma and mental anguish which appellee has suffered in the past, as a proximate result of the death of Terence Paul Vlach and which appellee will, in all reasonable probability, suffer in the future.

The spouse was awarded 50% of the damages (in lieu of the second category stated above) for the:

loss of love, affection, solace, comfort, companionship, society, assistance and sexual relations that she has suffered since the death of her husband and which she will, in all reasonable probability, suffer in the future.

The trial court also awarded $10,000 for the conscious pain and mental anguish suffered by the deceased.

Appellant raises issues concerning: 1) the nature of damages which may be recovered by the spouse and children of the deceased under the Wrongful Death Act; 2) the kind of evidence required to recover damages for mental anguish under the Act; 3) whether prior consistent statements of witnesses were properly excluded by the trial court because the witnesses were unavailable for cross-examination. TEX.R. EVID. 801(e)(1)(B); 4) whether the evidence is sufficient to support the jury's finding that Mr. Vlach suffered conscious physical pain and mental anguish before his death; and 5) whether the trial court erred in submitting the issue of negligence broadly because of a variance between the pleadings and evidence. TEX.R.CIV.P. 277. We find no error and accordingly affirm the judgment of the trial court.

Appellant contends in its second, fourth, fifth, and sixth points of error that the trial court erred in awarding appellees non-pecuniary damages. In *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983) the Supreme Court held that the plaintiff may recover damages for loss of society and companionship and for mental anguish for the death of his or her minor child. Appellant asserts that the Supreme Court purposely limited the kind of non-pecuniary

damages that can be recovered under the statute and held that only one class of beneficiaries could recover such damages.

For the reasons stated in *Cavnar v. Quality Parking Control, Inc.*, 678 S.W.2d 548 (Tex.App.—Houston [14th Dist.] 1984, writ granted), we disagree. We concluded in *Cavnar* that every class of beneficiary under the statute can recover for emotional injury. We held that the trial court erred by refusing to grant the adult children of the deceased damages for loss of society and companionship.

We further conclude that the Supreme Court also intended to allow recovery by a spouse for the *loss of consortium* as established in *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978). This intention is evidenced by the court's use of loss of consortium as an analogy in *Sanchez*, 651 S.W.2d at 252, to establish the parent's right to damages for the loss of companionship of a child. The correctness of our interpretation is supported by *Missouri Pacific Railroad Co. v. Dawson*, 662 S.W.2d 740 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) wherein this element of damages was allowed.

All the damages awarded appellees are recoverable under the Wrongful Death Statute and points of error two, four, five, and six are overruled.

■ Appellant contends in its third point of error that the trial court erred in submitting special issues on mental anguish because there is no evidence to support their submission. Appellant failed to brief and argue this point. It is well settled that points of error are required to be supported by argument and authority under Rule 418(e) of the Texas Rules of Civil Procedure, and if not supported, the points are waived. *Ozuna v. Dyer Fruit Box Manufacturing Co.*, 606 S.W.2d 334, 337 (Tex.Civ.App.—Tyler 1980, no writ); *Burgess v. Sylvester*, 143 Tex. 25, 182 S.W.2d 358, 360 (1944).

■ Appellant contends in its seventh point of error that the trial court erred in including damages for loss of advice as part of the recovery for loss of society and companionship damages. Appellant contends that loss of advice has historically been classified as one of the elements of pecuniary damages. *Lee v. Andrews*, 545 S.W.2d 238 (Tex.Civ.App.—Amarillo 1976, writ dism'd); *J.A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). Thus, to permit recovery of loss of advice as an element of loss of society and companionship damages would result in a double recovery.

The pecuniary loss issues submitted to the jury did not include loss of advice as an element. Loss of advice was referred to only in the damage issues concerning loss of society and companionship. Thus, there was no danger of double recovery. Point of error seven is overruled.

■ Appellant contends in its first point that the trial court erred in awarding appellees damages for mental anguish because there is no proof of accompanying physical injury. Appellant argues that while *Sanchez* allowed a mother to recover mental anguish damages for the death of her child, it did not abrogate requirement of accompanying physical injury. We disagree. We do not find in that case a requirement that proof of such physical manifestations should be a necessary predicate for recovery for mental anguish. Appellant's first point of error is overruled.

■ Appellant contends in its eighth point of error that the trial court erred in refusing to admit into evidence the prior consistent statements of certain witnesses. A railroad signal crew was working at the scene of the accident. Their testimony was favorable to appellant's defense. Appellant alleged that appellees' attorney charged the signal crew with discussing their evidence together in a meeting before trial and argued that their testimony was orchestrated by appellant. Appellant offered the prior consistent statements of these witnesses to rebut the charges of recent fabrication. The exception to the hearsay rule relied upon by appellant is Rule 801(e)(1)(B) of the Texas Rules of Evidence which states:

A statement is not hearsay if ... The declarant testifies at the trial or hearing *and is subject to cross-examination concerning the statement,* and the statement is ... consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive ... (Emphasis added.)

The trial court denied admission of the statements. This action was correct because the statements were not offered until after the witnesses had been excused from the courtroom. If the statements were admitted, appellee would not have had an opportunity to cross-examine the witnesses concerning the statements as required by Rule 801(e)(1). The trial court acted within its discretion in excluding these prior statements under the circumstances. Point of error eight is overruled.

■ Appellant contends in its ninth point of error that the trial court erred in refusing to admit evidence that Mrs. Valch was receiving $100 a month from her husband's former employer under an annuitant pension. Appellant offered this evidence to rebut testimony which allegedly stated that appellees lost the vested retirement fund of Mr. Vlach. Appellant has misinterpreted this testimony. Its import is that appellees have been deprived of the retirement benefits which *would* have accrued to Vlach had he lived and continued to work for the telephone company. Thus, appellant's evidence of receipt of accrued benefits was not relevant and properly excluded by the trial court under the collateral source rule. Point of error nine is overruled.

■ Appellant contends in its tenth and eleventh points of error that the jury's finding that the deceased experienced $10,-000 in damages for conscious pain and mental anguish before his death is not supported by any evidence or in the alternative, was against the great weight and preponderance of the evidence. A review of the record shows that there is ample evidence to support the jury's finding. The nurses's notes made during the month he was hospitalized contain numerous descrip-

tions of Vlach's reactions to painful stimuli and his communication through body movements upon command. Mrs. Vlach testified that she worked out communication with him through body movements in response to questions. He would squeeze her hand when she asked him if he hurt in particular areas of his body. The only contrary evidence to the jury's finding was the testimony of Dr. Armstrong that Vlach did not reach a level of consciousness that would allow him to suffer mental anguish. We defer to the finding of the jury. It is the province of the jury to judge the credibility and weight to be given the testimony and to resolve conflicts in the testimony of the witnesses. *Precision Homes, Inc. v. Cooper,* 671 S.W.2d 924, 929 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The evidence supporting the jury's finding is both legally and factually sufficient. Points of error ten and eleven are overruled.

■ Appellant argues under points of error twelve through twenty-two that the trial court erred in submitting the issue of appellant's negligence broadly or in failing to give a limiting instruction because there existed a material variance between the pleadings and the evidence on this issue. Appellee offered evidence that appellant did not notify the train crew through the train orders issued to them that a signal crew would be working at the crossing on the day of the accident. Appellant asserts that this testimony established a basis on which appellant could have been found negligent and that because this theory was not pled there exists a variance between appellant's pleadings and proof which requires reversal under *Scott v. Atchison, Topeka & Santa Fe Railway Co.,* 572 S.W.2d 273, 277 (Tex.1978).

This testimony did not create a variance. Such background testimony does not constitute an independent ultimate ground of recovery upon which a judgment based upon findings of negligence and proximate cause could have been rendered. It constitutes mere circumstances and a condition fleshing out the allegations of negligence

supported by the pleadings and the evidence. In any event such variance, if any existed, would be harmless error. *Brown v. American Transfer & Storage Company*, 601 S.W.2d 931, 937 (Tex.1980); *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183 (Tex.1977). Appellant's points of error twelve through twenty-two are overruled.

Having overruled all points of error, we accordingly affirm the trial court's judgment.