James GARRARD, et ux, Appellants,

v.

ST. ELIZABETH HOSPITAL, et al., Appellees.

No. 09–85–055 CV.

Court of Appeals of Texas, Beaumont.

April 10, 1986.

Rehearing Denied May 7, 1986.

Thomas F. Rugg, Reinstra & Rugg, Beaumont, for appellants.

Patricia D. Chamblin, Mehaffy, Weber Keith & Gonsoulin, Cleve Bachman and Curry Cooksey, Orgain, Bell & Tucker, Beaumont, for appellees.

## OPINION

BURGESS, Justice.

Mr. and Mrs. James Garrard brought suit initially against St. Elizabeth Hospital alleging negligence and gross negligence. Their first amended petition added Dr. H.R. Wilcox and Dr. Dave Frueh as defendants and dropped allegations of gross negligence and their claims for punitive damages. A second amended petition dismissed Dr. Frueh as a party and alleged specific acts of negligence and specific elements of damage.

Thereafter, the remaining two defendants filed special exceptions contending the Garrards had failed to state a claim for which relief could be granted. The court sustained these exceptions and, on the refusal of the plaintiffs to further amend, dismissed the plaintiff's petition.

The plaintiff's second amended petition alleged that Mrs. Garrard was admitted to St. Elizabeth Hospital for the anticipated delivery of her second child. At the time of the delivery, it was discovered that Mrs. Garrard was carrying twins. A male infant was born alive and healthy. A female infant was still-born. The attending physician and the father agreed to have an autopsy performed on the body of the still-born infant. At some time after the delivery, but prior to the autopsy, the body of the infant was delivered to a mortuary and disposed of in an unmarked, common grave without the knowledge or consent of the Garrards. The petition then alleged specific acts of negligence committed by the hospital and the pathologist. The Garrards sought damages for mental anguish.

The special exceptions of the defendants alleged the Garrards had not plead any intentional or willful act, gross negligence, breach of contract, physical injury or a cause of action under the wrongful death or survival statute, and thus, the Garrards, having only plead mental anguish arising out of a negligence cause of action, had not stated a cause of action upon which relief could be granted.

When the trial court sustains special exceptions for failure to state a cause of action, a plaintiff can refuse to amend and test the court's ruling on appeal. Furthermore, for the purposes of appeal, the allegations of the plaintiff's petition must be accepted as true. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.).

Our court has held that *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), authorized the recovery for mental anguish without proof of physical injury or conduct worse than negligence. *Baptist Hospital of Southeast Texas, Inc. v. Baber*, 672 S.W.2d 296 (Tex.App.—Beaumont 1984, writ granted). *See also, Missouri Pacific R. Co. v. Vlach*, 687 S.W.2d 414 (Tex.App. —Houston [14th Dist.] 1985, no writ).

The appellees argue that *Sanchez* is distinguishable because of the death involved and their argument would carry over to *Baptist Hospital*. However, *Sanchez* specifically states:

"A plaintiff should be permitted to prove the damages resulting from a tortfeasor's negligent infliction of emotional trauma. [Citation omitted] This includes recovery for mental anguish."

This language does not have a limiting clause. We believe *Sanchez* recognized the tort of negligent infliction of emotional trauma and does not require a death to be involved.

Should our Supreme Court re-examine *Sanchez* in a different light, there is an

additional exception on which the Garrards have stated a cause of action. *Classen v. Benfer,* 144 S.W.2d 633 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgmt. cor.), was a case involving the loss of a body upon a re-interment and upheld a recovery where the only actual damages were the ones resulting from mental pain and suffering. We concur with such an exception, if there need be one. We, therefore, sustain points of error numbers one and three and do not reach point of error number two. The order dismissing the plaintiff's second amended petition is reversed and the cause is remanded for trial.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, concurring and dissenting.

I concur only in the results reached by the majority opinion, as to St. Elizabeth Hospital. Respectfully, I dissent from the Court's opinion concerning Dr. H.R. Wilcox. The majority states that, when a trial court sustains special exceptions for failure to state a cause of action and there is a refusal to amend, the allegations of the plaintiffs' must be accepted as true on appeal.

The plaintiffs unequivocally pleaded that *St. Elizabeth Hospital was negligent in failing to deliver the stillborn infant to the pathological laboratory and in failing to notify the laboratory that an autopsy consent had been signed.* The majority has certainly accepted these allegations against the hospital as true.

There is another allegation that, after the birth of the infant, the body was delivered to Broussard's Mortuary by the hospital without informing the plaintiffs. No allegation exists that Dr. Wilcox was ever in possession of the infant. No allegation had been pleaded that he was notified that a consent to perform an autopsy had been signed. Under these unequivocal allegations—being accepted as true by the majority—it should be held that no violation of any responsibility or duty is alleged against the doctor. Under the present pleadings, there is no allegation alleging that the doctor was ever in contact with the plaintiffs—

nor did he ever have possession of the stillborn child.

The plaintiffs' Second Amended Petition [sic] alleges that Dr. Wilcox was negligent in failing to *insure that the body was delivered to his lab.* Under the present pleadings, I would not hold that Dr. Wilcox is an insurer.

The majority, apparently, relies on the doctrine that a party can plead in the alternative. I agree. The allegations in the tested pleadings are mutually destructive. *Colbert v. Dallas Joint Stock Land Bank of Dallas,* 129 Tex. 235, 102 S.W.2d 1031 (1937); *Barry v. Screwmen's Benev. Ass'n,* 67 Tex. 250, 3 S.W. 261 (1887); *Rowe v. Horton,* 65 Tex. 89 (1885); *TEX.R.CIV.P. 45(b)* and *TEX.R.CIV.P. 47(a).* Hence, I would affirm the trial court's ruling only as to Dr. Wilcox.

However, the hospital contends that a recovery of money damages for mental anguish, resulting from the loss of the body of a stillborn infant, cannot be based on simple negligence. I disagree. Appellees maintain that such a recovery must be based on intentional or willful conduct, gross negligence, breach of contract, or some type of personal, physical injury. Appellees also concede that such a recovery is allowable as an element of damages pursuant to the Wrongful Death or Survival Statutes. The majority correctly decides that a cause of action lies for the negligent infliction of mental anguish and emotional distress without a physical injury.

Since a remand has been ordered, I would also require the Appellants to replead. St. Elizabeth Hospital and the doctor are entitled to fair notice of that of which they must defend against. *TEX.R. CIV.P. 45 and 47.* Amended pleadings, in accordance with Rules 45 and 47, will enable the diligent trial judge to make more informed rulings on the evidence and will be very helpful to him in drafting the special issues.