The **BAPTIST HOSPITAL OF SOUTHEAST TEXAS, INC.,** Petitioner,

v.

**Sarah C. BABER a/k/a Sarah Baber Stafford et al., Respondents.**

No. C–3251.

Supreme Court of Texas.

July 9, 1986.

Rehearing Denied Sept. 10, 1986.

C. Dean Davis and David M. Davis, Davis & Davis, Austin, for petitioner.

Jim M. Perdue and Andrew L. Todesco, Perdue, Turner & Berry, Houston and William E. Townsley, Beaumont for respondents.

OPINION ON APPLICATION FOR
WRIT OF ERROR

PER CURIAM.

The order of this court of January 9, 1985 granting the application for writ of error is withdrawn, as the writ of error was improvidently granted. By a majority of the court, the application for writ of error is refused, no reversible error.

We originally granted writ in this medical negligence case concerning the death of Kenneth Baber to consider the constitutionality of Tex.Rev.Civ.Stat.Ann. art. 4590i, § 11.02 (Medical Liability and Insurance Improvement Act). That statute limits the civil liability for damages of a health care provider. The limit was initially $500,000, but the statute authorizes an adjustment pursuant to the Consumer Price Index. At the time of the trial of this cause, that limit had escalated to $804,419. Judgment was rendered jointly and severally for Mrs. Baber and other wrongful death and survival statute claimants for $1,327,000 against the Baptist Hospital of Southeast Texas and Dr. George L. Campbell. Only the hospital perfected its appeal. The court of appeals affirmed the trial court judgment, and, in doing so, declared unconstitutional the medical liability act's damage limitation provision. 672 S.W.2d 296.

"A court will not pass on the constitutionality of a statute if the particular case before it may be decided without doing so." *San Antonio General Drivers, Helpers Local No. 657 v. Thornton,* 156 Tex. 641, 647, 299 S.W.2d 911, 915 (1957). Because the judgment in this case does not exceed the combined statutory liability of both defendants, and because the hospital made no attack on the joint and several aspect of the judgment, the court of appeals need not have decided this case on constitutional grounds in order to affirm the trial court judgment.

We do not pass upon the constitutionality of the damage limitation provision contained in the medical liability act. The application for writ of error filed by the hospital is refused, no reversible error.