ST. ELIZABETH HOSPITAL et al., Petitioners,

v.

James GARRARD et ux., Respondents.

No. C–5412.

Supreme Court of Texas.

May 6, 1987.

On Rehearing June 24, 1987.

Patricia D. Chamblin, Mehaffy, Weber, Keith & Gonsoulin, Curry L. Cooksey, Jo Ben Whittenburg, Orgain, Bell & Tucker, Beaumont, for petitioners.

Thomas F. Rugg, Rienstra & Rugg, Beaumont, for respondents.

## OPINION

RAY, Justice.

■ The question presented in this personal injury case is whether the physical manifestation requirement remains an element of claims for negligent infliction of mental anguish. The trial court dismissed the plaintiffs' case because their petition sought recovery for mental anguish damages, negligently inflicted, which were not alleged to have resulted in physical injury. The court of appeals held that this court had previously eliminated the physical manifestation requirement and reversed the judgment of the trial court and remanded the cause for trial. 708 S.W.2d 571. We hold that proof of physical injury is no longer required in order to recover for negligent infliction of mental anguish and therefore affirm the judgment of the court of appeals.

James and Sharon Garrard sued St. Elizabeth Hospital and Dr. H.R. Wilcox to recover mental anguish damages which resulted from the defendants' negligence. The Garrards' second amended petition alleges that Mrs. Garrard was admitted to St. Elizabeth Hospital for the anticipated delivery of her second child. At the time of delivery it was first discovered Sharon Garrard was carrying twins. A male infant was born alive and healthy, and a female infant was stillborn. The attending physician and Mr. Garrard agreed to have an autopsy performed on the stillborn infant. However, no autopsy was ever performed. Instead, the body of the infant was delivered to a mortuary and disposed of in an unmarked, common grave without the knowledge or consent of either parent. The Garrards allege specific acts of negligence committed by St. Elizabeth Hospital and Dr. Wilcox, the pathologist. Finally, the petition states:

## VI.

Each of the alleged acts and omissions of negligence were a proximate cause of the injuries and damages suffered by the plaintiffs. The plaintiffs have each suffered past mental anguish and will continue to suffer future mental anguish, including but not limited to:

1) Never knowing the cause of death of their baby with resulting worry concerning future pregnancies.

2) Never knowing where their baby was buried and therefore unable to do traditional memorializations such as placing flowers on a grave or visiting a grave site.

3) Loss of the opportunity to conduct a funeral and experience that normal and usual time of grief necessary to the continuation of life as usual following a death.

Thus, the Garrards seek damages only for their mental anguish; they have not pleaded any facts suggesting the mental anguish manifested itself physically.

The defendants filed special exceptions contending that because the Garrards had not pleaded any intentional or willful act, gross negligence, breach of contract, *physical injury* or a cause of action under the

wrongful death or survival statutes, they had failed to state a claim for which relief could be granted. The trial court sustained the exceptions and, following the Garrards' refusal to further amend their petition, dismissed the cause.

In reversing the ruling of the trial court, the court of appeals held that this court's decision in *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), authorized recovery for mental anguish damages without proof of physical injury or conduct worse than negligence.[1] Additionally, the court of appeals held that in the event it had misread our holding in *Sanchez*, the Garrards' petition stated a cause of action for negligent infliction of mental anguish under an exception created in *Classen v. Benfer*, 144 S.W.2d 633 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgmt cor.). Although the court of appeals incorrectly concluded that *Sanchez* eliminated the physical manifestation requirement in actions based on

simple negligence, we are convinced the rule serves as nothing more than an arbitrary restraint on the right of individuals to seek redress for wrongs committed against them.

The tort of negligent infliction of mental anguish has long been the subject of scholarly debate. *See generally* Throckmorton, *Damages for Fright*, 34 Harv.L.Rev. 260 (1921); Magruder, *Mental and Emotional Disturbance in the Law of Torts*, 49 Harv. L.Rev. 1033 (1936); Comment, *Negligently Inflicted Mental Distress: The Case for an Independent Tort*, 59 Geo.L.J. 1237 (1971); Comment, *Negligent Infliction of Emotional Distress: A Proposal for a Recognized Tort Action*, 67 Marq.L.Rev. 557 (1984); Bell, *The Bell Tolls: Toward Full Tort Recovery for Psychic Injury*, 36 U.Fla.L.Rev. 333 (1984). Development and administration of the tort have been inconsistent and confusing.[2] However, there

---

1. A conflict exists among courts applying Texas law as to whether in *Sanchez* we changed the rule requiring evidence of a physical manifestation of mental anguish to recover under either a negligence or a statutory theory. *Compare McCandless v. Beech Aircraft Corp.*, 779 F.2d 220, 226 (5th Cir.1985) ("[T]he rule in Texas is that some physical manifestation of mental anguish is necessary") *and Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex. 1984) (although the physical manifestation requirement is not mentioned specifically, this court relies on prior authority upholding the requirement) *and Air Florida, Inc. v. Zondler*, 683 S.W.2d 769, 773 (Tex.App.—Dallas 1984, no writ) ("[I]n a simple negligence case proof of accompanying physical injury is a necessary predicate to recover damages for mental anguish") *with Missouri Pacific Railroad Co. v. Vlach*, 687 S.W.2d 414, 417 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) ("We do not find in [*Sanchez*] a requirement that proof of such physical manifestations should be a necessary predicate for recovery for mental anguish") *and Baptist Hospital of Southeast Texas, Inc. v. Baber*, 672 S.W.2d 296, 299 (Tex.App.—Beaumont 1984), *writ ref'd n.r.e. per curiam*, 714 S.W.2d 310 (Tex.1986) ("We believe [*Sanchez*] has now authorized the recovery for mental anguish without proof of physical injury or conduct worse than negligence").

In *Sanchez* the plaintiff offered proof of physical injury accompanying the mental anguish. Thus, the issue of proof of physical manifestation was not before the court. Additionally, in *Sanchez* we approved recovery of mental anguish damages in the context of a wrongful

death action. We were not confronted with recovery of mental anguish damages under a simple negligence theory as contrasted with a statutory theory.

Finally, this court subsequently eliminated the physical manifestation requirement as a prerequisite in wrongful death actions. *See Moore v. Lillebo*, 722 S.W.2d 683 (Tex.1986).

2. The first reported decision of a court adjudicating a claim for mental injuries occurred in the English case of *I. de S. et ux. v. W. de S.*, Y.B. 22 Edw. 3, f. 99 pl. 60 (1348). Although the defendant's conduct was intentional, the importance of the decision lay in the court's recognition of mental injuries as worthy of compensation. Almost five and one-half centuries later the Privy Council concluded that damages for shock arising from fear unaccompanied by physical injury were too remote and could not "be considered a consequence which, in the ordinary course of things, would flow from the negligence...." *Victorian Railways Comm'rs v. Coultas* (1888) 13 App.Cas. 222, P.C. Thirteen years later the *Coultas* decision was expressly overruled in the case of *Dulieu v. White & Sons* [1901] 2 K.B. 669, D.C. The *Dulieu* decision approved a cause of action for serious illness and the premature birth of plaintiff's baby resulting from distress caused by the defendant's negligence.

Unfortunately, prior to its having been overruled, the *Coultas* decision was followed in *Mitchell v. Rochester Ry. Co.*, 151 N.Y. 107, 45 N.E. 345 (1896). Eventually, a majority of American jurisdictions adopted the *Mitchell* rationale and a number of artificial barriers were

does appear to be a trend emerging in other jurisdictions which closely parallels the manner in which Texas courts have treated claims for mental anguish damages.

Texas first recognized the tort of negligent infliction of mental anguish in *Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59 (1890). Therein, Justice Gaines, "[i]n a bold, closely reasoned opinion ... presaged the ultimate trend of American law" by acknowledging the validity of a cause of action for negligently inflicted mental anguish. Smith, *Relation of Emotions to Injury and Disease: Legal Liability for Psychic Stimuli*, 30 Va.L.Rev. 193, 209 (1944). The plaintiff in *Hill* had suffered a miscarriage after witnessing an incident involving profane language and bloodshed. Importantly, the *Hill* opinion analyzed the cause of action in light of traditional tort concepts. The court reasoned that recovery could not be denied if proof could be made that the injury proximately resulted from the actions of the defendant. Additionally, the jury would have to answer the question of whether the defendant acted negligently in light of the reasonably prudent man standard. Thus, negligent infliction of mental anguish became a tort cognizable under Texas law, to be administered using traditional tort concepts. The single deviation from traditional tort principles involved the element of damages. The court deemed improper a recovery for mental anguish, negligently inflicted, when the plaintiff's

suffering failed to manifest itself physically.

However, in the almost 100 years following *Hill v. Kimball* both courts and legal scholars have condemned the physical manifestation requirement as an artificial device, the sole purpose of which is to guarantee the genuineness of claims for mental injury.[3] The specific arguments cited most frequently in support of abandoning the physical manifestation requirement are convincing. The requirement is overinclusive because it permits recovery for mental anguish when the suffering accompanies or results in any physical impairment, regardless of how trivial the injury. More importantly, the requirement is underinclusive because it arbitrarily denies court access to persons with valid claims they could prove if permitted to do so. *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 929, 616 P.2d 813, 820, 167 Cal.Rptr. 831, 838 (1980).

Additionally, the requirement is defective because it "encourages extravagant pleading and distorted testimony." *Id.* To continue requiring proof of physical injury when mental suffering may be equally recognizable standing alone would force "victim[s] to exaggerate symptoms of sick headaches, nausea, insomnia, etc., to make out a technical basis of bodily injury upon which to predicate a parasitic recovery for the more grievous disturbance, the mental and emotional distress she endured." Magruder, *Mental and Emotional Disturbance in the Law of Torts* at 1059; *see*

erected preventing litigants from maintaining suits to recover for mental distress, absent special circumstances. The rules created by courts to placate the fear of compensating victims for damages difficult to assess resulted in decisions so inconsistent that many claimants with legitimate, serious mental injuries were deprived of the opportunity to present their cases to juries.

**3.** The following jurisdictions have rejected the physical manifestation requirement as a limitation on recovery for mental anguish damages: *Taylor v. Baptist Medical Center, Inc.*, 400 So.2d 369, 374 (Ala.1981); *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 923, 616 P.2d 813, 817, 167 Cal.Rptr. 831, 835 (1980); *Montinieri v. Southern New England Telephone Co.*, 175 Conn. 337, 398 A.2d 1180, 1184 (1978); *Rodrigues v. State*, 52 Hawaii 156, 472 P.2d 509, 519 (1970); *Barnhill v. Davis*, 300 N.W.2d 104, 108 (Iowa 1981); *Culbert v. Sampson's Supermar-*

*kets Inc.*, 444 A.2d 433, 438 (Me.1982); *Bass v. Nooney Co.*, 646 S.W.2d 765, 772 (Mo.1983); *Johnson v. Supersave Markets, Inc.*, 686 P.2d 209, 213 (Mont.1984); *James v. Lieb*, 221 Neb. 47, 375 N.W.2d 109, 116 (1985); *Portee v. Jaffee*, 84 N.J. 88, 417 A.2d 521, 526 (1980); *Schultz v. Baberton Glass Co.*, 4 Ohio St.3d 131, 447 N.E.2d 109, 113 (1983); *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672, 679 (1979); *Chappetta v. Bowman Transportation, Inc.*, 415 So.2d 1019, 1022–23 (La.Ct.App.1982).

Writers on the subject generally agree that the physical manifestation requirement is destined for extinction. *See generally* McCarthy, *Illinois Law in Distress: The "Zone of Danger" and "Physical Injury" Rules in Emotional Distress Litigation*, 19 J.Mar.L.Rev. 17 (1985); Comment, *Negligent Infliction of Emotional Distress: A Proposal for a Recognized Tort Action*, 67 Marq.L. Rev. 557 (1984).

*also* Annot., 64 A.L.R.2d 100, 117 n. 18, 128 n. 8 (1959) ("in most instances of severe mental disturbance some deleterious physical consequence can, with a little ingenuity be found ..." and characterization of an injury as physical or mental may depend on the ingenuity of counsel in framing the pleadings). As this court noted in *Moore v. Lillebo*, 722 S.W.2d 683 (Tex.1986), the concept of "physical manifestation" has been expanded to the point where the term has lost much of its former significance.

Moreover, medical research has provided modern mankind with a much more detailed and useful understanding of the interaction between mind and body.[4] It is well recognized that certain psychological injuries can be just as severe and debilitating as physical injuries.

Clearly, freedom from severe emotional distress is an interest which the law should serve to protect. Indeed, we have not hesitated to defend peace of mind when we deemed the facts sufficient to guarantee the genuineness of the claim in the absence of physical manifestations of the mental injury.[5] Having recognized that an interest merits protection, it is the duty of this

---

**4.** Realizing the difficulty associated with assessing the extent of psychic damages, we find helpful the following excerpt from *Leong v. Takasaki*, 55 Hawaii 398, 520 P.2d 758, 766–67 (1974):

From a medical perspective, negligently-inflicted mental distress may be characterized as a reaction to a traumatic stimulus, which may be physical or purely psychic. Traumatic stimulus may cause two types of mental reaction, primary and secondary. The primary response, and immediate, automatic and instinctive response designed to protect an individual from harm, unpleasantness and stress aroused by witnessing the painful death of a loved one, is exemplified by emotional responses such as fear, anger, grief, and shock. This initial response, which is short in duration and subjective in nature, will vary in seriousness according to the individual and the particular traumatic stimulus.

Secondary responses, which may be termed traumatic neuroses, are longer-lasting reactions caused by an individual's continued inability to cope adequately with a traumatic event. Medical science has identified three frequently occurring forms of neuroses resulting from trauma. In the first, the anxiety reaction, the trauma produces severe tension, which results in nervousness, weight loss, stomach pains, emotional fatigue, weakness, headaches, backaches, a sense of impending doom, irritability, or indecision as long as the tension remains. The second, the conversion reaction is a reaction to trauma in which the individual converts consciously disowned impulses into paralysis, loss of hearing, or sight, pain, muscle spasms, or other physiological symptoms which cannot be explained by actual physical impairment. The third, the hypochondriasis reaction, is characterized by an overconcern with health, a fear of illness, or other unpleasant sensations. Thus only secondary responses result in physical injury.

The severity of mental distress may be approached in terms of the amount of pain and disability caused by defendant's act. Traumatic neuroses are more susceptible to medical proof than primary reactions because they are of longer duration and usually are manifested by physical symptoms which may be objectively determined. While a psychiatrist may not be able to establish a negligent act as the sole cause of plaintiff's neurosis, he can give a fairly accurate estimate of the probable effects the act will have upon the plaintiff and whether the trauma induced was a precipitating cause of neurosis, and whether the resulting neurosis is beyond a level of pain with which a reasonable man may be expected to cope.

In a situation where only the primary response to trauma occurs, the defendant's negligence may produce transient but very painful mental suffering and anguish. Because this reaction is subjective in nature and may not result in any apparent physical injury, precise levels of suffering and disability cannot be objectively determined. The physician or psychiatrist must rely on the plaintiff's testimony, the context in which the trauma occurred, medical testing of any physical ramifications, the psychiatrist's knowledge of pain and disability likely to result from such trauma, and even the framework of human experience and common sense to determine the amount of pain resulting naturally as a response to defendant's act, and whether it is beyond the level of stress with which a reasonable man may be expected to cope.

Thus calculation of damages becomes a simpler matter when the primary response is coupled with a secondary one, because damages may be assessed by more objective standards. Nevertheless, the absence of a secondary response and its resulting physical injury should not foreclose relief. In either event plaintiff should be permitted to prove medically the damages occasioned by his mental responses to defendant's negligent act, and the trial court should instruct the jury accordingly.

**5.** *See Moore v. Lillebo*, 722 S.W.2d 683, 685 (Tex.1986) ("mental anguish inheres in the nature of certain torts...."); *Billings v. Atkinson*, 489 S.W.2d 858 (Tex.1973) (mental suffering

court to continually monitor the legal doctrines of this state to insure the public is free from unwarranted restrictions on the right to seek redress for wrongs committed against them. The physical manifestation requirement is one such restriction. In *Moore v. Lillebo* we eliminated the requirement in wrongful death actions. The time has come to advance the common law to coincide with the modern trend. Thus, we hold that proof of physical injury resulting from mental anguish is no longer an element of the common law action for negligent infliction of mental anguish.

By eliminating the physical manifestation requirement Texas joins an established trend in American jurisprudence which recognizes the tort of negligent infliction of mental anguish without imposing arbitrary restrictions on recovery in such actions.[6] The distinction between physical injury and emotional distress is no longer defensible. The problem is one of proof, and to deny a remedy in all cases because some claims may be false leads to arbitrary results which do not serve the best interests of the public. Jurors are best suited to determine whether and to what extent the defendant's conduct caused compensable mental anguish by referring to their own experience.

■ Thus, we hold that the Garrards' petition states a cause of action despite the absence of allegations that the mental anguish suffered resulted in physical injury. The judgment of the court of appeals is affirmed.

SPEARS, J., files a concurring and dissenting opinion in which CAMPBELL, ROBERTSON and GONZALEZ, JJ., join.

### ON MOTION FOR REHEARING

SPEARS, Justice, concurring and dissenting.

I concur in the court's judgment. This state has long recognized that establishing the mishandling of a corpse and establishing a feeling of closeness or love between the deceased and the one asking for damages is sufficient for a jury to consider mental anguish. *See Classen v. Benfer,* 144 S.W.2d 633, 635 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgmt cor.); *Aetna Life Insurance Co. v. Love,* 149 S.W.2d 1071, 1077 (Tex.Civ.App.—El Paso 1941, writ dism'd judgmt cor.)

However, instead of confining this decision within these well established parameters, the court takes the unnecessary step of abolishing the physical manifestation requirement of negligently inflicted severe mental anguish. Decisions reaffirming the physical manifestation requirement are summarily overruled. *See Duncan v. Luke Johnson Ford, Inc.,* 603 S.W.2d 777 (Tex.1980); *Brown v. American Transfer and Storage Co.,* 601 S.W.2d 931 (Tex. 1980); *Duty v. General Finance Co.,* 154 Tex. 16, 273 S.W.2d 64 (1954); *Harned v. E–Z Finance Co.,* 151 Tex. 641, 254 S.W.2d 81 (1953). In so doing, the court approves compensating mere sorrow, grief, anger or worry, and promoting spurious litigation. From that holding, I dissent.

---

damages recoverable for willful invasion of privacy); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex.1967) (mental suffering damages recoverable for intentional battery); *Farmers and Merchants State Bank of Krum v. Ferguson,* 617 S.W.2d 918 (Tex.1981) (mental anguish damages allowed for wrongful dishonor of checks with malicious intent); *Stuart v. Western Union Telegraph Co.,* 66 Tex. 580, 18 S.W. 351 (1885) (allowed recovery for mental anguish damages for a negligently delivered death message); *Classen v. Benfer,* 144 S.W.2d 633 (Tex. Civ.App.—San Antonio 1940, writ dism'd judgmt cor.) (mental anguish damages recovered after the mishandling of a corpse).

**6.** The supreme courts of seven American jurisdictions have adopted the tort of negligent infliction of mental anguish in a more or less pure form. *See Taylor v. Baptist Medical Center, Inc.; Molien v. Kaiser Foundation Hospitals; Montinieri v. Southern New England Telephone Co.; Rodrigues v. State; Bass v. Nooney Co.; Johnson v. Supersave Markets, Inc.; Schultz v. Barberton Glass Co.*

Comparable approaches are reflected in decisions by the House of Lords and the high court of Australia. *See McLoughlin v. O'Brian* [1982] 2 W.L.R. 982 *and Jaensch v. Coffey* (Austl.1984) 54 Argus L.R. 417.

The physical manifestation requirement provides assurances that a plaintiff has proven his case of anguish. Specifically, the requirement assures that the emotional injury reaches a compensable level, serves to define mental anguish as a severe emotional distress, and serves to separate mental anguish from loss of society and companionship. *Moore v. Lillebo*, 722 S.W.2d 683, 689–90 (Tex.1986) (Spears, J., dissenting). Until today, the physical manifestation requirement has been relaxed only when the anguish or distress is so probable that a manifestation requirement is unnecessary. Recently, this court determined the wrongful death of a family member was sufficient to assure the possible existence of emotional distress. *Moore v. Lillebo*, 722 S.W.2d 683. The court today, however, discards the requirement for *all* purposes with no assurances that recovery is even warranted.

The court proposes that it is joining the "established trend" by dispensing with the requirement.[1] Seven states, comprising a distinct minority, does not a trend make. In fact, over forty jurisdictions retain the physical manifestation requirement for the tort of negligent infliction of mental anguish. *See* RESTATEMENT (SECOND) OF TORTS § 436A (1965) (appendix). The wisdom of Restatement § 436A is persuasive:

> If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

Moreover, we have refused to join even majority legal trends when they are viewed as not in the best interest of our state's jurisprudence. *See, e.g., Witty v. American General Capitol Distributors, Inc.*, 727 S.W.2d 503 (Tex.1987).

The court further attempts to bolster its decision by suggesting medical research and advancements have provided a more detailed understanding of anguish which renders the manifestation requirement arbitrary and obsolete. Significantly, the court provides no explanation of its conclusory statements or scientific insights into why physical manifestation is medically and legally unnecessary for *compensable* anguish. Undoubtedly, requiring manifestation of emotional anguish is drawing a line between compensable and noncompensable distress; however, I prefer reasoned distinctions over contrived trends and phantom medical understandings.

The court erroneously implies the manifestation requirement is merely a screening device employed to minimize a presumed risk of feigned injuries and false claims. The requirement in fact serves to distinguish between compensable and noncompensable injury. When emotional distress reaches the level to physically manifest itself, the law views the anguish as severe enough to warrant recovery. The court tacitly suggests jurors are best suited to determine whether and to what extent the defendant caused compensable mental anguish. While jurors are the arbitrators, we must not shirk our responsibility to establish the measurements for recovery and our duty to provide the framework in which a jury performs its essential function. Based on the court's opinion, mere allegations and testimony that anguish exists are sufficient to submit the issue to the jury.

In short, the court offers no reason for this change in the law by logic, history, or example. The court then, should not discard this rule of reason.

CAMPBELL, ROBERTSON and GONZALEZ, JJ., join in this concurring and dissenting opinion.

---

1. Interestingly, the court initially characterizes the trend as "emerging"; but somehow, in the body of the opinion, this trend becomes "established."