856 F.2d 28
 In re AIR CRASH AT DALLAS/FORT WORTH AIRPORT ON
AUGUST 2, 1985.
Robert Bruce CHRISTY, Plaintiff-Appellant,
v.
DELTA AIR LINES, INC., Defendant-Appellee.
Michael Thomas McGEE, as Conservator and Next Friend of Jodi
Michelle McGee and Jayme Bruce McGee, Plaintiff-Appellant,
v.
DELTA AIR LINES, INC., Defendant-Appellee.
 Nos. 87-1855, 87-1883.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 28, 1988.
Rehearing and Rehearing En Banc Denied Oct. 27, 1988.
 
 E. Dwain Dent, Fred Streck, III, Robert Haslam, Fort Worth, Tex., for christy.
 Craig A. Haynes, Dallas, Tex., for Delta Air Lines, Inc.
 E. Dwain Dent, Fred Streck, III, J. Stewart Bass, Fort Worth, Tex., for McGee.
 Appeals from the United States District Court for the Northern District of Texas.
 Before REAVLEY, JOHNSON, and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge.
 
 
 1
 In this case we are asked to prognosticate whether the State of Texas affords a cause of action on behalf of minor children for mental anguish, loss of society, and loss of familial relationship with their mother, Linda McGee Ford. Mrs. Ford tragically suffered severe and permanent brain damage as a result of the crash of Delta Airlines Flight 191 on August 2, 1985, near the Dallas/Fort Worth International Airport. We are also asked to determine whether Mrs. Ford's father may recover damages for his mental anguish and loss of society and companionship with his adult daughter. The appellant relatives were not bystanders to the crash, and Mrs. Ford did not die. After wading through the uncertain thicket of present-day Texas tort law, we conclude that no such causes of action exist. Consequently, we affirm the summary judgments granted by the district court in favor of Delta Airlines.
 
 
 2
 Ford's children and father filed separate lawsuits to recover damages arising out of the Delta 191 air crash.[1] The father sought recovery of damages for "severe grief, mental anguish, and emotional trauma" and "loss of valuable services," as well as punitive damages. The children sought recovery of damages for lost "love, care, support, maintenance, service, and advice [and education]," "mental pain and anguish and emotional trauma," and punitive damages. The trial court, following an unbroken string of Texas intermediate appellate court precedent, granted Delta's motions for summary judgment and held that Texas law did not provide the father or children with a cause of action.[2] On this consolidated appeal, the family members contend that, notwithstanding these precedents, we may read between the lines of recent Texas Supreme Court authority to conclude that Texas in fact recognizes the kinds of injuries for which they seek recovery. Mindful that we are bound to construe Texas law in the same way that its courts would if confronted with the same issues, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we embark with a divining rod most gingerly employed.
 
 
 3
 In recent years, the Texas Supreme Court has leapt to the forefront in creating remedies for injuries heretofore not compensable by state law. Only those cases pertinent to our discussion need be mentioned here. In Sanchez v. Schindler, 651 S.W.2d 249 (Tex.1983), the court held that a parental plaintiff could recover under the Wrongful Death Statute for loss of society and companionship and damages for mental anguish for the death of a minor child. The court expanded this holding to include recovery for loss of companionship and mental anguish caused by the wrongful death of any family member covered by the statute in Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549 (Tex.1985). The court subsequently eliminated the requirement of a physical manifestation of emotional anguish as a prerequisite to recovery in wrongful death actions. See Moore v. Lillebo, 722 S.W.2d 683 (Tex.1986). Most recently, in St. Elizabeth Hospital v. Garrard, 730 S.W.2d 649 (Tex.1987), the court held that proof of physical injury is no longer required to recover for the tort of negligent infliction of mental anguish.[3]
 
 
 4
 None of the above cases squarely affords these appellants a cause of action. Sanchez, Cavnar, and Garrard involved wrongful death actions, and Garrard only addressed methods of proof. Appellants contend, however, that two additional state supreme court cases have the practical effect of acknowledging their causes of action. In Salinas v. Fort Worth Cab & Baggage Co., 725 S.W.2d 701 (Tex.1987), the Texas Supreme Court permitted recovery by children who were present in a taxi cab when their mother was raped. Among the items of damages affirmed by the Supreme Court was loss of familial relationship with their father who, as a result of the brutal rape, later left his family. Similarly, in Birchfield v. Texarkana Mem. Hosp., 747 S.W.2d 361 (Tex.1987), the Texas Supreme Court affirmed a damage award including elements of mental anguish suffered by parents over the blindness of their baby, who was negligently treated by the hospital in which it was born. The parents were not bystanders.
 
 
 5
 Appellants contend that these cases recognize a damage action for loss of familial relations, loss of consortium and mental anguish among non-bystander family members. Although the decisions continue the state supreme court's trend of extending liability, our analysis does not lead to that conclusion. There are factual distinctions from this case. Unlike the minor children in Salinas, Mrs. Ford's children were not bystanders to the tortious conduct.[4] Birchfield is partially distinguishable on the ground that the parents recovered for tortious conduct to a minor child; here, however, a parent seeks recovery for injuries to an adult child.[5] Most important, in neither case is there any evidence that writs were granted on the issue whether in non-wrongful death cases, relatives can recover damages from a third party for tortious interference with familial relationships. Rather, the only relevant issues discussed by the Texas Supreme Court were whether evidence of an impaired relationship existed (Salinas ) and whether parents had received a double recovery for the same injury (Birchfield ). If the state supreme court indeed decided in these cases to broaden the scope of tort liability to non-bystander relatives, it did so sub silentio and without discussing or expressly overruling the numerous recent intermediate appellate decisions to the contrary. See note 2 supra. Such silence prevents us from concluding with confidence that appellants have viable causes of action under Texas law. Absent explicit guidance from the Texas Supreme Court, reversing the summary judgments for Delta would require us to extend Texas law. This we decline to do, for "it is not our job to lay down broad new rules of state law." Harmon, 821 F.2d at 259.
 
 
 6
 The judgments of the district court are AFFIRMED.[6]
 
 
 
 [1]
 At the time of the crash, Mrs. Ford was approximately 35 years old. Her two children were both under 18 when the accident occurred
 
 
 [2]
 The trial court relied on Bennight v. Western Auto Supply Co., 670 S.W.2d 373 (Tex.App.--Austin 1984, writ ref'd n.r.e.) (minor daughter could not recover for mental anguish, loss and impairment of certain intangibles, or impairment of legal right to financial support caused by employer's intentional tort against mother); Jannette v. Deprez, 701 S.W.2d 56 (Tex.App.--Dallas 1985, writ ref'd n.r.e.) (parents' cause of action for loss of companionship and mental anguish due to injury to child that survives is available only when parents witness the child's injury); Graham v. Ford Motor Co., 721 S.W.2d 554 (Tex.App.--Tyler 1986) (minor children may not recover for loss of parental consortium if parent is not killed); Hughes Drilling Fluids, Inc. v. Eubanks, 729 S.W.2d 759 (Tex.App.--Houston 1986), writ granted, 742 S.W.2d 275 (1987) (minor children do not have independent action against a third party tortfeasor for loss of parental consortium) (writ granted, judgment set aside, and cause remanded for consideration of parties settlement agreement); Oss v. Gentry, 634 F.Supp. 482 (W.D.Tex.1985), aff'd, 788 F.2d 759 (5th Cir.1986) (parents not present at scene of daughter's non-fatal accident could not recover for mental anguish and loss of consortium)
 See also Ramos v. Champlin Petroleum Co., 750 S.W.2d 873, 878 (Tex.App.--Corpus Christi 1988) ("The 'loss of parental consortium' is not a recognized cause of action under the laws of this state.... The Supreme Court of Texas has not yet recognized that a minor child has a cause of action against a third party who injured a parent."); RESTATEMENT (SECOND) OF TORTS Sec. 707A (1977) ("One who by reason of his tortious conduct is liable to a parent for illness or other bodily harm is not liable to a minor child for resulting loss of parental support and care.").
 But see Hall v. Birchfield, 718 S.W.2d 313 (Tex.App.--Texarkana 1986), rev'd & rendered on other grounds sub nom., Birchfield v. Texarkana Mem. Hosp., 747 S.W.2d 361 (Tex.1987) (discussed infra at 30).
 
 
 [3]
 In Harmon v. Grande Tire Co., 821 F.2d 252 (5th Cir.1987), we acknowledged that Sanchez extended recovery of mental anguish damages to wrongful death plaintiffs, but we set aside a judgment permitting a non-bystander wife to recover mental anguish damages for non-fatal injuries to her husband. "[W]e are aware of no Texas negligence case [including Garrard ] in which mental anguish damages have been awarded to a third party not either a bystander or a wrongful death plaintiff." Id. at 258
 
 
 [4]
 We acknowledge that at least one member of the Texas Supreme Court has recently criticized the bystander requirement. See Freeman v. City of Pasadena, 744 S.W.2d 923, 924-25 (Tex.1988) (Ray, J., concurring)
 
 
 [5]
 See RESTATEMENT (SECOND) OF TORTS Sec. 703 comment (f) (1977) (contrasting parent-minor child relationships with parent-adult child relationships)
 
 
 [6]
 Appellants have requested that we certify this issue to the Texas Supreme Court. We see no reason to do so. The lower Texas courts have uniformly denied recovery in similar cases