**DAN BOONE MITSUBISHI, INC. and Dan Boone Austin, Inc., Appellants,**

v.

**Daniel E. EBROM and Jane Ebrom, Appellees.**

**No. A14–91–00520–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1992.

Rehearing Denied June 4, 1992.

Gene Green, III, Houston, for appellants.

R.V. Hebison, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment for $90,000. in damages, plus attorney's fees of $7,500., in favor of appellees, Daniel E. Ebrom and Jane Ebrom (Ebrom). Ebrom and her son, Daniel, filed suit against the appellants, Dan Boone Mitsubishi, Inc. and Dan Boone Austin, Inc., seeking damages under the Texas Deceptive Trade Practices–Consumer Protection Act (D.T.P.A.) for its failure to deliver a certificate of title to a motor vehicle. TEX.BUS. & COM.CODE ANN. § 17.46(2), (19), (23) (Vernon 1987). The trial court heard the evidence and found in favor of the Ebroms. Appellants complain, in five points of error, that the evidence is legally and factually insufficient to support the damages, that the trial court erred in denying appellants' motion for a take nothing judgment and that appellants did not sell any goods to the Ebroms. We affirm.

In May 1987, Ebrom went to the Dan Boone Mitsubishi dealership to shop for a used car. A few days later, she made a

deal with the used car manager of Dan Boone Mitsubishi, Inc., William Frazier (Frazier), to purchase a car. Since she wanted to put the car in her son's name, Daniel executed the purchase agreement on the car. The purchase agreement showed Dan Boone Mitsubishi as the seller of the car. Ebrom traded in her old car and shortly thereafter, the dealership sold it to their used car wholesaler. In August 1987 when the license sticker came due on the car, Ebrom went to the Dan Boone Mitsubishi dealership and told them she had not received title to the car. Frazier sent Ebrom to the Dan Boone central office at the Dan Boone Chevrolet dealership. Ebrom wrote a check to Dan Boone Imports, Inc. and was given a license sticker good until August 1988. She was informed that there had been a paperwork mix-up and the title to the car would be received in a few weeks. In August 1988, appellant had still received no title to the vehicle. She went to the courthouse and discovered that title to her car was held by Robert Orr, an employee of Dan Boone Mitsubishi. She then went back to Dan Boone and talked to the general manager, Lynn Chung, who told her he would resolve the problem. He gave Ebrom a paper license tag which was good for ten days. Ebrom was unable to purchase a new sticker for her license plate because she did not have title to her car. She used the paper tags for two or three weeks and then had to illegally obtain a license sticker for her car. After repeated attempts, and several promises from Dan Boone employees, Ebrom was unable to obtain title to the vehicle purchased from Dan Boone Mitsubishi.

In points of error one, three, and four, appellants contend that the trial court erred in awarding damages for mental anguish because the evidence was legally and factually insufficient to support such an award. Additionally, appellants allege that there was no evidence of a "knowing" violation of the D.T.P.A. Appellants complain that since the award of damages was not supported by the evidence, they were entitled to a take nothing judgment.

When there is a challenge to the factual sufficiency of the evidence in a nonjury trial, if a statement of facts is filed, the trial judge's findings of fact are reviewable under the same standards as a jury verdict. *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 676–77 (Tex. App.—Houston [14th Dist.] 1989), *modified on other grounds*, 797 S.W.2d 31 (1990). Therefore, in considering appellants' complaint that the evidence is factually insufficient, we must review all of the evidence and determine if the weight of the record supports the trial court's findings of mental anguish. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

A review of the record indicates that Ebrom went to buy a car from one of the many Dan Boone dealerships, entered into a purchase agreement on a vehicle, traded in her old car, and paid the purchase price to Dan Boone, all in good faith. She was told at the time of purchase, and then several times after the problem with her license sticker came up, that she would receive title to the purchased vehicle. She never received title to the car. Her old car was wholesaled shortly after the purchase and there was no way for her to get it back after the title problems with her new purchase became apparent. An otherwise honest citizen was forced to illegally obtain a license sticker for the car so that she would have a means of transportation. She testified that she was "terrified" the entire time she was driving the vehicle because of its illegal status. She was "very very cautious" and "very worried" because she transported customers in her car. She was stopped by the police and was frightened, since title to the car was in someone else's name and the police could assume the car was stolen.

Mental anguish has been described as "emotional pain, torment and suffering." *Moore v. Lillebo*, 722 S.W.2d 683, 688 (Tex.1986). Although mental anguish needs to be "more than disappointment, anger, resentment or embarrassment ...," *K–Mart Corp. Store No. 7441 v.*

*Trotti,* 677 S.W.2d 632, 639 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), the finder of fact is "best suited to determine whether and to what extent the [appellant]'s conduct caused compensable mental anguish...." *St. Elizabeth Hosp. v. Garrard,* 730 S.W.2d 649, 654 (Tex.1987). In this case, Ebrom's testimony is sufficient to support the finding of mental anguish by the trial judge.

■ Appellants' allegation that the evidence is legally insufficient is a no evidence complaint. In reviewing a no evidence complaint we must consider only the evidence and inferences which tend to support the findings, and disregard all contrary evidence and inferences. *Best v. Ryan Auto Group, Inc.,* 786 S.W.2d 670, 671 (Tex.1990). After such a review, if we find any evidence of probative force to support the findings, then the findings must be upheld. *Responsive Terminal Sys., Inc. v. Boy Scouts of Am.,* 774 S.W.2d 666, 668 (Tex.1989). *See Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). Certainly the testimony discussed above is ample evidence that Ebrom suffered mental anguish.

■ As to appellants' allegation that there was also no evidence to support the trial court's finding of a "knowing" violation of the D.T.P.A., we disagree. The vehicle that Ebrom purchased was offered for sale on Dan Boone Mitsubishi's used car lot, was sold by Dan Boone Mitsubishi, Inc.'s used car manager, and the purchase agreement was executed on a Dan Boone Mitsubishi form. At the time of the sale, Dan Boone Mitsubishi, Inc.'s used car manager informed Ebrom that title to the vehicle would be forthcoming even though title to the vehicle was held by Robert Orr, a Dan Boone Mitsubishi employee.

■ Further, appellants introduced into evidence a document which Frazier caused to be executed approximately a week after the deal closed. The document was a handwritten acknowledgement, printed on a white sheet of paper, which stated that title to the purchased vehicle was held by Mr. Orr and that Frazier made no representation "that he was acting as a salesman of Dan Boone Chevrolet." The acknowledgement contains a signature which resembles that of Daniel Ebrom, and is apparently an attempt by Dan Boone to have the Ebroms waive any rights they might have against the dealership. Such a post-transactional acknowledgement cannot constitute a waiver of the Ebroms' claim under the D.T.P.A. TEX.BUS. & COM.CODE ANN. § 17.42(a) (Vernon Supp.1992). *See Poe v. Hutchins,* 737 S.W.2d 574 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). In any case, after the signing of the acknowledgement, Dan Boone employees continued to promise that title to the vehicle would be forthcoming, and to represent that the car was sold by Dan Boone Mitsubishi. This constitutes some evidence that Dan Boone, knowing that title was held in another individual's name, misrepresented to Ebrom that she would be obtaining title to the vehicle. As such, it is sufficient to support the trial court's finding of a "knowing" D.T.P.A. violation.

Appellants are not entitled to a take nothing judgment. We overrule appellants' points of error one, three, and four.

In point of error two, appellants alleged that it was improper for the trial court to award Ebrom mental anguish damages without a finding of some other actual damages.

■ The trial court did not need to find any other actual damages in order to award Ebrom mental anguish damages. In *St. Elizabeth Hospital,* the right of a plaintiff to bring suit only for negligent infliction of mental anguish was upheld. *St. Elizabeth Hosp.,* 730 S.W.2d at 654. Additionally, the only actual damages recovered in the *St. Elizabeth Hospital* case were mental anguish damages. *Id.* at 650. Thus, a plaintiff can recover actual damages for mental anguish alone when those are the only damages pled. *Id.* There is no reason to now require a plaintiff, who pleads mental anguish along with other damages, to recover mental anguish damages only if there are other actual damages recovered as well. *See HOW Ins. Co. v. Patriot Fin. Servs. of Texas, Inc.,* 786 S.W.2d 533 (Tex.App.—Austin 1990, writ

338

denied); *Orkin Exterminating Co., Inc. v. Williamson,* 785 S.W.2d 905 (Tex.App.—Austin 1990, writ denied). We overrule appellants' point of error two.

Appellants, in point of error five, argue that the trial court erred in awarding judgment in favor of the Ebroms because appellants never did business in Harris County and did not sell any goods or services to the Ebroms.

Appellants introduced testimony that Dan Boone Mitsubishi, Inc. was incorporated, three months after this transaction, in August of 1987 and that Dan Boone Mitsubishi, Inc. never did any business in Harris County. However, appellants' own exhibits introduced into evidence at trial, plainly state that Dan Boone Austin, Inc. was incorporated on August 4, 1987, not Dan Boone Mitsubishi, Inc. Additionally, Dan Boone Austin, Inc., was formerly Dan Boone Mitsubishi, Inc., indicating that Dan Boone Mitsubishi, Inc. was in existence prior to August 1987.

Further, in May of 1987, Ebrom was given a business card by her salesman, Frazier, which stated he was the used car manager for Dan Boone Mitsubishi, Inc. and that Dan Boone Mitsubishi, Inc. was the authorized dealer. Frazier sold Ebrom a used car at the Dan Boone Mitsubishi dealership in Harris County. It is unrealistic to allege that Dan Boone Mitsubishi, Inc., now known as Dan Boone Austin, Inc., did not do business in Harris County and did not sell any goods to Ebrom, when its used car manager sold her a used car in Harris County.

We overrule appellants' point of error five.

The judgment of the trial court is affirmed.