## TAPIA et ux. v. ZARB.
### No. 9291.

Court of Civil Appeals of Texas. San Antonio.

March 21, 1934.

Rehearing Denied April 18, 1934.

G. Woodson Morris and C. L. Patterson, both of San Antonio, for appellants.

De Witt Murray, of Floresville, for appellee.

SMITH, Justice.

The daughter of appellants, Galacion Tapia and wife, Francisca Tapia, died at the family home in Floresville, in January, 1930. Desiring to inter the remains of their daughter in Floresville, the parents purchased a burial plot from the appellee, the manager of a local cemetery. Their agent called upon appellee, who pointed out and sold a particular plot to the agent for that purpose, and permitted the interment of the deceased in said plot.

Shortly afterwards appellee discovered that that plot had been previously sold to another family, which had buried one of its members therein. Appellee informed appellants of the mistake and asked their consent to the removal of their daughter's remains to another plot, without expense to appellants. Appellants refused their consent, and after notice to them and giving them an opportunity to be present at the ceremonies of disinterment and reinterment, which they refused to attend, appellee proceeded to make the change. Whereupon, appellants sued appellee for actual and exemplary damages, alleging that by his conduct they had suffered physical pain and mental suffering. The case was tried to a jury, but upon a directed verdict the trial judge rendered judgment that appellants take nothing by their suit.

Appellants devote much of their brief to a learned and interesting discussion of the question of their right to maintain an action like this, for damages for profanation of their daughter's grave. But as appellee seems to concede the right and does not contest appellants' contention, there appears to be no occasion to discuss or pass upon the question here.

Appellants have not brought any assignments of error in their brief, but rest their appeal upon the one proposition that "the trial court erred in directing a verdict for the defendant since the evidence as adduced by plaintiffs was sufficient to have entitled them to have their case go to the jury." As a matter of practice, the proposition, standing alone as it does, is quite too general and indefinite to present any specific question for review in an appellate court, and this court could well disregard it and confine its consideration to fundamental matters apparent of record.

However, we have inspected appellants' brief for the purpose of passing upon the issue of actual damages. The only evidence presented in the brief upon this issue is that embraced in the testimony of a third party, to the effect that after the distressing event complained of he saw Mrs. Tapia, one of the appellants, in her home, and that she was "lying in bed, or sitting in a chair at that time," that

"she looked sick," which the witness explained to mean that "she looked to him grieved." That evidence was not sufficient to support a judgment for damages and the trial court did not err in so instructing the jury.