### CLASSEN et al. v. BENFER et al.
### No. 10712.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 21, 1940.

Rehearings Denied Nov. 13, 1940.

Schweppe & Schweppe and Church & Steger, all of San Antonio, for appellants.

Harry Hertzberg, Marion R. McClanahan, and Duval Edwards, all of San Antonio, for appellees.

NORVELL, Justice.

In 1918, Adolph Benfer, one of the appellees here, sold and conveyed to appellant, John G. Classen, a tract of land in Bexar County upon which was located the Schuhlmeier Cemetery. Although the deed contains covenants of general warranty, the existence of the cemetery was known to Classen at the time of the sale.

In 1937, Classen procured and paid appellant Memorial Park Company to disinter and remove the bodies buried in the Schuhlmeier Cemetery. These bodies were reintered in the Wetmore Cemetery some miles away.

Appellees here and plaintiffs below were P. W. Benfer, Adolph Benfer and Mrs. Augusta Burkett, brothers and sister. They brought suit for damages against appellants, John G. Classen and Memorial Park Company, alleging that said parties had, without appellees' consent, removed the bodies of their grandparents, their parents and their sister, Amelia Benfer, from the Schuhlmeier to the Wetmore Cemetery. Trial was to a jury, which in response to special issues submitted found that the bodies of appellees' parents were not removed, but that the body of the sister was removed and could not now be located in the Wetmore Cemetery. The trial court submitted no issues in regard to the removal of the bodies of appellees' grandparents. The jury assessed damages of $1,400 against appellants in favor of each of the appellees. Judgment was entered for appellees upon the verdict. Appellants bring the case here on numerous assignments of error. Each appellant submitted a separate brief, but, for the most part, the propositions relied upon by each appellant are similar or identical.

The first group of appellants' propositions assert that the judgment rendered is excessive as to each appellant. Appellants rely principally upon the case of Tapia v. Zarb, Tex.Civ.App., 70 S.W.2d 464, decided by this court, in which it was held that the testimony of a third person, that the plaintiff was "lying in bed, or sitting in a chair," and "looked sick," was insufficient to support an award of actual damages for mental anguish resulting from the removal of the body of plaintiff's husband. That case is not in point here. An extensive discussion of the testimony introduced upon the trial could serve no useful purpose. We do, however, point out that testimony of third persons having an opportunity to observe the actions of one claiming damages as a result of a wrongful act is admissible upon the issue of mental anguish. Missouri, K. & T. Ry. Co. of Texas v. Linton, Tex.Civ.App., 141 S.W. 129. Evidence tending to show a close friendly feeling or love prior to the death of the deceased, between the dead person and one asking damages for the wrongful removal of the body of deceased, may also be considered by the jury upon the issue of mental anguish. Such evidence was introduced upon the trial of this case and was sufficient to support a conclusion that appellees, and each of them, did suffer mental anguish as a result of appellants' acts. As to the amount of damages, we can not say that the verdict is so clearly excessive as to indicate that the jury "disregarded the evidence or rules of law." Flores v. De Galvan, Tex.Civ.App., 127 S.W.2d 305, 308. Appellants' propositions Nos. 1 to 6, inclusive, are overruled.

Appellants by their seventh proposition assert that this case must be reversed because of improper argument to the jury.

The record discloses that Mr. Harry Hertzberg, one of appellees' attorneys, made the following argument: "I am not going to refer to him as Uncle, but as Mr. John Classen, because I think Mister is a very good title for any American citizen. I do not know why he should be made a hero of by his counsel because he did this thing. The whole plea has been what a good man he is; what a fine man he is. You know he would not harm anybody on the face of the earth. Well, I want to tell you, Gentlemen of the Jury, that he has gravely injured his fellow-man in this case. I personally can think of nothing more terrible happening except one or two things possibly than what has happened here,—one would be the murder of one's living relative, or the defilement of a female member of the family; and after that, Gentlemen, I can think of nothing worse than to do the thing that we charge here he has done, if he did it."

Appellants objected, and the trial court instructed the jury to "disregard the statement with reference to murder and defilement of a female member or relative of the family."

■ This proposition does not present reversible error. The reference to murder or defilement of a female relative may have been extravagant, but counsel plainly stated a matter of personal opinion. The argument is not outside the record, and for that reason the situation presented here differs from that present in the cases cited by appellants, such as Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946, and Woodard v. Texas & Pac. Ry. Co., 126 Tex. 30, 86 S.W.2d 38. In arguing cases to a jury attorneys are allowed a comparatively wide latitude in the drawing of inferences and construction of arguments, so long as they do not attempt to state purported facts not disclosed by the record. Corn v. Crosby County Cattle Company, Tex.Com.App., 25 S.W.2d 290; 41 Tex.Jur. 772 and 797.

We are further of the opinion that if the argument be considered improper, all prejudice resulting therefrom was removed by the trial court's instruction to the jury. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

Appellants' seventh proposition is overruled.

■ Appellants' next group of propositions complain of the court's charge to the jury, especially in regard to a special instruction given in connection with the issues relating to damages. This instruction is probably incorrect as an abstract matter of law, but we are not authorized to reverse a case unless an error is specifically pointed out by an assignment of error and accompanying propositions in this court, supported by a record affirmatively showing that the error urged was called to the attention of the trial court. Appellants here say the court below erred in failing to define the term "mental pain and suffering"; that the instruction given was on the weight of the evidence, and when taken with its connected issues, rendered such issues multifarious.

■ In appellants' propositions, it is asserted that as mere disappointment, anger, resentment, or injury of feelings do not constitute mental pain and suffering in law, the trial court should have so instructed the jury. Their complaint therefore relates not to a definition, but to the failure to give a special instruction. As no such instruction was requested of the trial court, a reversible error is not presented here. Carle Oil Co. v. Owens, Tex.Civ.App., 134 S.W. 2d 411; Enterprise Co. v. Ellis, Tex.Civ. App., 98 S.W.2d 452.

■ Appellants' complaint about the special instruction of the trial court, being a charge on the weight of the evidence, is based upon an objection made in the trial court that the charge was on the weight of the testimony in that there was no evidence showing any actual damages were suffered by appellants. This objection was insufficient to point out to the trial court an error in charging upon the weight of the evidence. Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474.

It also appears that the objection made in the trial court upon which appellants' contention of multifariousness is based, was simply that each appellant "objects and excepts to the submission of question No. 13 (14) (15), of the Court's Charge for the following several reasons, to-wit: (a) Because said issue is multifarious."

■ This objection is too general to be considered. Karotkin Furniture Co. v. Decker, Tex.Civ.App., 32 S.W.2d 703, affirmed, Tex.Com.App., 50 S.W.2d 795; Panhandle & S. F. Ry. v. Friend, Tex.Civ.App., 91 S.W.2d 922.

Appellants' propositions Nos. 8 to 16, inclusive, are overruled.

■ In the next four propositions appellants assert that the case should be reversed because the issue of whether or not appellants suffered mental pain and suffering was not submitted to the jury. No request was made for the submission of such issue, and it will therefore be presumed upon appeal that such issue was found by the trial court so as to support the judgment. As above pointed out, we have held that the evidence is sufficient to support a finding that appellants did suffer mental pain and suffering as a result of the removal of their sister's body. The existence of mental pain and suffering on the part of appellants was not an independent ground of recovery.

Appellants' propositions Nos. 17 to 19, inclusive, are overruled. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

Appellants' 20th proposition, asserting that as appellees failed to show actual damages other than those resulting from men-

tal pain and suffering, the judgment must be reversed, is also overruled. Flores v. De Galvan, supra.

 Appellants' 21st proposition raises the question of the sufficiency of the evidence to support the jury's finding that it is now impossible to identify the location of the remains of Amelia Benfer in the Wetmore Cemetery. The evidence on this issue is conflicting and we therefore can not disturb the jury's finding. 3 Tex.Jur. 1096.

In their 22nd proposition, appellants contend that the trial court erred in instructing the jury that it would consider the deed from Adolph Benfer to Classen for certain limited purposes. We have concluded that the deed was pertinent only to those matters designated in the trial court's instruction, and therefore no error is presented.

The 23rd proposition of appellant Memorial Park Company, and the 36th proposition of appellant Classen are identical, and both assert that the damages awarded were, in legal effect, exemplary in nature rather than actual, and therefore can not be sustained upon the record. These propositions are without merit and overruled.

 The brief of the appellant John G. Classen contains twenty-one additional propositions of law. Twenty of these, in effect, contend that Classen is not liable to plaintiff because he had an agreement with his co-appellant whereby the Memorial Park Company agreed to effect the removal of the bodies in the Schuhlmeier Cemetery in a legal manner and to save Classen harmless from any liability that might result therefrom. A discussion of these various propositions in detail would unduly lengthen this opinion. All of them have been examined by us and found to be without merit and are accordingly overruled. Whatever the effect of the alleged agreement may be as between Classen and the Park Company, it would not affect Classen's liability to appellees. The evidence conclusively shows that he procured the removal of the bodies, and contracted with the Memorial Park Company to accomplish that purpose.

In his 44th and last proposition, appellant Classen contends that the trial court erred in refusing to submit a requested issue upon the question of liability as between Classen and the Memorial Park Company.

The judgment rendered by the trial court contains the following provision: "And the Court further being of the opinion that under the pleadings and the verdict of the Jury, neither of the defendants, John G. Classen nor Memorial Park Company, should recover upon their respective cross-actions against each other, it is therefore, Ordered that the relief prayed for by each of them in their respective cross-actions is hereby fully denied, but this judgment shall not in any manner affect the right of contribution of either of said defendants against the other for any amounts that either of them should pay or be required to pay upon this judgment, but that said right of contribution of each of said defendants against the other shall be and remain in full force and effect."

 No appeal was perfected from this part of the judgment. The Memorial Park Company was not named as an obligee in an appeal bond filed by Classen. We therefore can not consider the proposition. Randle v. Naugle, Tex.Civ.App., 299 S.W. 297.

Having concluded that appellants have shown no reversible error, the judgment of the trial court is affirmed.