**James Eugene FLANIGAN et al., Appellants,**

v.

**Jack CARSWELL et al., Appellees.**

No. 10570.

Court of Civil Appeals of Texas.

Austin.

Nov. 25, 1959.

Rehearing Denied Dec. 16, 1959.

Vinson, Elkins, Weems & Searls, Thos. Weatherly, Gaius G. Gannon, Jr., Houston, for appellant.

Max Garrett, Houston, for appellee.

PER CURIAM.

The history and subject matter of this suit is shown in our opinion found in 315 S.W.2d 295 and in the opinion of the Supreme Court found in 324 S.W.2d 835, 841. The Supreme Court in its opinion remanded the cause to this Court for the purpose of having us redetermine the validity of the action of the Trial Court in requiring appellees to file remittiturs as

conditions to denying motion for a new trial. In this regard the Supreme Court has given us the following instruction:

> "If, in the light of all the facts and circumstances, the trial court's order of remittitur was manifestly unjust, the Court of Civil Appeals should restore the remittitur or such part thereof as the Court of Civil Appeals deems necessary to prevent the order from being manifestly unjust and render such judgment as the trial court should have rendered."

In accordance with these instructions we have reexamined the entire record and have concluded, in the light of all the facts and circumstances, the action of the trial court in requiring remittiturs to be filed by each appellee is manifestly unjust.

We have previously set out in our reported opinion a portion of the evidence upon which the jury based its damage awards. We refer to that opinion for such evidence and incorporate it herein by reference.

To the statement there made we add only that appellants offered no rebutting medical testimony.

We also direct attention to the order of remittitur. It reduced each jury award by exactly 60%. There were two individuals suing, each with different ages and stations in life and each sustaining dissimilar injuries. That each award was excessive in an identical per cent appears most unlikely and unreasonable. Rather, we believe, it is an indication of arbitrary action on the part of the Trial Court.

Having concluded that the remittiturs should not have been required we proceed, as directed by the Supreme Court, to render the judgment which the Trial Court should have rendered.

It is ordered and adjudged that appellee Carswell recover the sum of $30,000 and appellee Wilson the sum of $5,000 of and from appellants together with 6% interest thereon from October 2, 1957, the date of the original judgment entered by the Trial Court, and costs of suit.

As reformed the judgment of the Trial Court is affirmed.

Reformed and affirmed.

HUGHES, Justice (concurring).

Rule 440, Texas Rules of Civil Procedure, provides, in part, that if in the opinion of the Court of Civil Appeals the "verdict and judgment of the trial court is excessive" a remittitur may be suggested.

Rule 328, T.R.C.P., provides, in part, that new trials may be granted when the "damages are manifestly too small or too large" provided that if the Court directs a remittitur and it is made and the party benefited thereby appeals "then the party remitting shall not be barred from contending in the appellate court that said remittitur should not have been required in whole or in part, and if the appellate court sustains such contention it shall render such judgment as the trial court should have rendered without respect to said remittitur."

Since the trial courts and this Court obtain all of their authority regarding remittiturs from these two rules, then it is apparent that the rule enjoined upon us by the Supreme Court in its opinion herein for appraising the action of the Trial Court in directing a remittitur is completely without foundation in the rules. We refer to the requirement that the action of the Trial Court in directing the remittitur must appear to us to be "manifestly unjust" before we can set it aside.

These are only two criterions to be found in the rules for determining the propriety of requiring a remittitur, that for the Court of Civil Appeals being that the verdict and judgment, in the opinion of the court, be "excessive" and for the Trial Court that the damages are "manifestly too large."

We perceive no practical distinction between these two standards prescribed by the rules.[1]

If this is correct then we pose this illustration:

If the Trial Court has ordered a remittitur of $25,000 of a $100,000 verdict when a $75,000 reduction of the verdict is sought and an appeal to this Court is made by the party in whose favor the remittitur was made and the adverse party contends, under the rule, that the remittitur should not have been required in whole or in part, and the appealing party contends that the judgment is still excessive by $50,000.00, then by what standards should these questions be resolved?

If there is a distinction between the rule or standard enjoined upon us by the Supreme Court (manifestly unjust) in order to vacate the Trial Court's remittitur and the standards prescribed by the rules ("excessive" or "manifestly too large") then a discerning Court of Civil Appeals might find (1) that the action of the Trial Court in directing a $25,000 remittitur was not "manifestly unjust" (2) that the judgment is excessive by only $10,000 or that it is not excessive at all. This situation would present a judicial stalemate.

The simple solution to the problem would appear to be: Follow the rules.

A party filing a remittitur cannot appeal. A party in whose favor a remittitur is filed may appeal but if he does he is subject to having the question of remittitur reopened or set at large. The language of the rule (328) is that the remitting party may contend that the remittitur should "not have been required either in whole or in part."

The only grounds for authorizing a remittitur being that it be made to appear to the Trial Court that the damages are "manifestly too large" it would seem obvious that on appeal, under the rule (328), the remitting party should only be required to show the reverse of what the Trial Court had found in order to require a remittitur i. e. that the damages are *not* "manifestly too large". This construction of Rule 328 would harmonize with Rule 440 for the Courts of Civil Appeals.

I realize the futility of this opinion and I have no excuse for its tardiness.

I concur in the PER CURIAM opinion.

1. The Supreme Court herein stated: "The trial court, in deciding whether a verdict is excessive and a remittitur required to cure the error, should be governed by the same standard as the Courts of Civil Appeals."