Reversed and Rendered, Opinion Issued July 10, 2003 Withdrawn; and
Substituted Memorandum Opinion filed August 7, 2003















Reversed and
Rendered, Opinion Issued July 10, 2003 Withdrawn;
and Substituted Memorandum Opinion filed August 7, 2003.

 

 

In The

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01276-CV

_______________

UNIVERSITY OF TEXAS MEDICAL
BRANCH 

AT GALVESTON, Appellant

V.

PATRICIA M. HARRISON, MICHAEL C. MURPHY, BILLY G. ODOM,

B. ALAN ODOM,
LISA ODOM, DAVID P. ODOM, TAMARA L. ODOM,

GARY B. BLACK,
CHARLES H. McBRIDE, MIKE McBRIDE,


JOHNNA J.
HIGGINBOTHAM, TAMARA STELLY, ROBERT THOMAS, CELESTE FONTENOT, RUTH AHMED,
BARBARA ERWIN, 

EMILY ERWIN
HEBERT, THOMAS KELLEY ERWIN, 

HENRY BLAKE
ERWIN and SIDNEY BROWN, Appellees

________________________________________________________________________

 

On Appeal from
the 122nd District Court

Galveston County, Texas

Trial Court
Cause No. 02CV0820

________________________________________________________________________

 

          S U B S T I T U T E
D   M E M O R A N D U M   O P I N I O N

 

            Appellees’ motion for rehearing is overruled, the opinion
issued in this case on July 10,
 2003 is withdrawn, and the following opinion is issued in its
place.

            In this suit for mishandling willed
bodies and remains, the University of Texas Medical Branch at Galveston
(“UTMB”) appeals the denial of its plea to the jurisdiction on the ground
(among others) that the State has not waived its immunity from suit for the
claims asserted against it in this case. 
We reverse and render judgment for UTMB.

                                                                   Background

            Patricia M. Harrison, Michael C.
Murphy, Billy G. Odom, B. Alan Odom, Lisa Odom, David P. Odom, Tamara L. Odom,
Gary B. Black, Charles H. McBride, Mike McBride, Johnna
J. Higginbotham, Tamara Stelly, Robert Thomas,
Celeste Fontenot, Ruth Ahmed, Barbara Erwin, Emily Erwin Herbert, Thomas Kelley
Erwin, Henry Blake Erwin and Sidney Brown (collectively, “appellees”)
filed suit against UTMB alleging that, after they donated the bodies (the
“bodies”) of their family members to UTMB to advance the cause of medicine,
UTMB sold their family members’ body parts to private companies for profit and
failed to assure that the ashes returned to appellees
following cremation of the bodies were those, and only those, of each
respective appellee’s family member.  Appellees asserted
claims against UTMB for negligence, breach of contract, fraud, and intentional
infliction of emotional distress and sought injunctive relief and damages for
emotional distress and mental anguish. 
UTMB filed a plea to the jurisdiction on the ground, among others, that
the State did not waive immunity from suit for the claims asserted by appellees.  The trial
court denied UTMB’s plea to the jurisdiction.[1]

                                                            Standard of Review

            A unit of state government is immune
from suit unless the State consents to suit. 
Dallas Area Rapid Transit v. Whitley, 104
S.W.3d 540, 542 (Tex.
2003).  Governmental immunity from suit
defeats a trial court’s subject matter jurisdiction.  Id.  Therefore, in a suit against a governmental
unit, a plaintiff must affirmatively demonstrate the court’s jurisdiction by
alleging a waiver of immunity.  Id.  In reviewing a ruling on a plea to the
jurisdiction based on governmental immunity, we determine from the facts
alleged by the plaintiff and the evidence relevant to the jurisdictional issue
whether the claim comes within a waiver of immunity.  Id.

                                                  Conventional Contract Claims

            UTMB’s
first issue argues, in part, that the trial court lacked jurisdiction over appellees’ contract claims because the State has not waived
its immunity from suit as to those claims.

            When the State contracts with a
private party, it thereby waives immunity from liability, but not immunity from
suit, which can be waived only by its express consent.  Catalina
Dev., Inc. v. County of El Paso, 46 Tex. Sup. Ct.
J. 636, 637 (May 8,
 2003).  For the Legislature
to waive the State’s sovereign immunity, a statute or resolution must contain a
clear and unambiguous expression of the Legislature’s waiver of immunity.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).

            In this case, appellees
did not plead or offer evidence of any Legislative consent to sue in the form
of a statute or resolution.  Instead,
citing section 2260.002 of the Government Code, they contend that the statutory
immunity UTMB asserts does not apply to a claim for personal injury arising
from the breach of a contract.[2]  See
Tex. Gov’t
Code Ann. § 2260.002 (Vernon Supp. 2003) (stating that chapter 2260 does
not apply to a claim for personal injury arising from the breach of a
contract).

            Chapter 2260 of the Government Code
retains sovereign immunity from suit in certain breach of contract cases
against the State but provides an administrative process to resolve those
claims.  Gen. Servs. Comm’n
v. Little-Tex Insulation Co., 39 S.W.3d 591, 595 (Tex.
2001).  This administrative scheme
applies to all written contracts for the sale of goods, services, or
construction.  See Tex. Gov’t
Code Ann. § 2260.001(a)(1) (Vernon 2000); Little-Tex, 39 S.W.3d at 595. 
Absent a special statutory consent to sue, a party may not pursue a
breach of contract claim against the State without participating in Chapter
2260’s administrative process.  Little-Tex, 39 S.W.3d at 598.  Therefore, the fact that Chapter 2260 does
not apply to appellees’ claims (for personal injury)
does not mean that the State has no immunity, but instead that Chapter 2260 is
not available to appellees as a means to resolve
their claims despite the State’s immunity. 
Because appellees failed to plead, or
otherwise establish, a consent to sue the State for their contract claims, the
trial court had no jurisdiction over those claims.  Accordingly, we sustain UTMB’s
first issue to that extent.

                                                    Special Relationship Claims

            UTMB’s
first issue further contends that appellees’
remaining claims for mental anguish, although framed as tort claims, are, in
reality, contract claims for which the State is similarly immune from suit.

            Because Texas does not
recognize a general legal duty not to negligently inflict mental anguish,
mental anguish damages are recoverable only for the breach of some other legal
duty.  City of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997); Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex.
1993).  Therefore, negligently inflicted
emotional anguish may be an element of recoverable damage where a defendant
violates some other legal duty to a plaintiff,[3] depending,
in part, on the nature of the duty breached. 
Likes, 962 S.W.2d at 494.  With other exceptions not applicable to this
case, mental anguish damages are recoverable for the breach of a duty arising
out of certain special relationships, including a very limited number of
contracts dealing with intensely emotional noncommercial subjects, such as
preparing a corpse for burial.  See id. at 496; Restatement (Second) of Contracts § 353 cmt.
a, illus. 3 (1981) (recognizing emotional disturbance as an element of recovery
for breach of contracts for carriage or proper disposition of dead bodies).

            Where a defendant’s conduct would
give rise to liability independent of the fact that a contract exists between
the parties, the plaintiff’s claim may also sound in tort.  DeWitt County Elec. Co-op v. Parks, 1 S.W.3d 96, 105 (Tex.
1999).  Conversely, if the defendant’s conduct
would give rise to liability only because it breaches the parties’ agreement,
the plaintiff’s claim ordinarily sounds only in contract.  Id.  Thus, for example, a person who enters a
neighbor’s property and cuts down trees with no contractual right to do so can
be held liable in tort.  Id.  But if a contract spells out the parties’
respective rights about whether trees may be cut, then the contract, and not
common law negligence, governs any dispute about whether or how trees may have
been cut, i.e., even if any failure
to comply with the contract resulted from negligence.  See id.  Therefore, the character of a claim, as
between tort  and contract, is determined
by the source of the duty breached, not whether the breach results from
negligence (versus some other cause such as inability to perform or intentional
conduct).

            In this case, except for their
conventional contract claims (addressed in the preceding section), the causes
of action asserted by appellees are all based on
their alleged special relationship with UTMB arising from the contractual
arrangement to donate the bodies.[4]  At the bottom of the first page of the “Will
Form” constituting the parties’ agreement, the donor was asked to choose
whether the ashes were to be (1) returned to the donor’s family, or (2)
scattered in the Gulf of Mexico in an
annual observance.  Apart from the duties
created by this contractual stipulation, appellees
have not cited and we have not found, any Texas case law
recognizing a tort duty that UTMB owed to them and allegedly breached.  Because a claim for mental anguish damages is
not itself a distinct cause of action (but only an element of recovery for the
breach of another duty), and because UTMB is alleged to have breached no tort
duty that is independent from its contractual duties, we conclude that appellees’ special relationship claims for mental anguish
damages sound in contract rather than tort,[5] and are
thereby subject to the requirement for consent (discussed in the preceding
section) to overcome the State’s immunity from suit.  Because no such consent has been alleged or
proved, we sustain the State’s first issue as to appellees’
special relationship claims. 
Accordingly, we reverse the judgment of the trial court and render
judgment that UTMB’s plea to the jurisdiction be
granted and that the case be dismissed for lack of subject matter jurisdiction.

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Substituted
Memorandum Opinion filed August 7,
 2003.

Panel consists of Chief Justice
Brister and Justices Edelman and Guzman.











[1]           See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (Vernon Supp. 2003) (allowing interlocutory appeal of denial of
a plea to the jurisdiction by a governmental unit).





[2]           A footnote to appellees’
brief also contends that UTMB waived its immunity by accepting the benefits of
its contracts with appellees in taking and using the
willed bodies.  Although the Texas
Supreme Court has alluded to the possibility that the State could waive its
immunity from suit by conduct, it has yet to find such an equitable waiver of
immunity or to prescribe the type of situation that might qualify for it.  See
Catalina, 46 Tex. Sup. Ct.
J. at 637.  As an intermediate appellate
court, we defer to the Texas Supreme Court to decide when, if ever, and under
what circumstances such a contention might become sustainable. 





[3]           Thus, unlike tortious
interference with contract and other separate tort causes of action that can
arise in the context of a contractual relationship, a claim for mental anguish
damages based on a special relationship is not a distinct cause of action, but
merely an element of recovery for the breach of another legal duty.





[4]           Appellees have not
asserted a “bystander” cause of action in this case.





[5]           Opinions discussing the special
relationship cause of action sometimes describe it in terms that blur the
distinction between contract and tort claims. 
See, e.g., Pat H. Foley & Co.
v. Wyatt, 442 S.W.2d 904, 906 (Tex. Civ.
App.—Houston [14th Dist.] 1969, writ ref’d n.r.e.) (“While the plaintiff’s pleadings additionally
allege negligence, an initial basic allegation is that the defendant failed to
perform according to its contractual responsibility.  This is not a claim for mental anguish founded
solely in negligence.”).  However, if an
independent negligence duty does not otherwise exist, we can find no authority
or rationale for holding that a negligent breach of contract somehow transforms
the associated contract claim into a tort claim or creates a new tort claim.