Affirmed and Majority and Concurring Opinions filed June 30, 2005














Affirmed and Majority and Concurring Opinions filed
June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01400-CV

____________

 

HELEN
ROBINSON, Appellant

 

V.

 

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellee

_____________________________________________________________________

 

On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 02-CV1466-A

_____________________________________________________________________

 

C O N C U R R I N G   O P I N I O N








I concur in the result the majority reaches but I disagree
with the court=s resolution of all the claims
alleged in Mrs. Robinson=s petition except for the breach of contract and special
relationship claims.[1]
Mrs. Robinson=s petition alleged claims for
traditional negligence, gross negligence, negligent supervision, negligence per
se, special relationship,  and constructive
fraud.  In each but the special
relationship claim, the majority finds Mrs. Robinson cannot pursue these claims
because she has not alleged a use of tangible personal property for which the
Texas Tort Claims Act waives immunity.[2]  I would hold that Mrs. Robinson could not
pursue these claims because the remaining claims, although pleaded as tort
claims, are all contractually based and thus subject to Chapter 2260=s administrative prerequisites.[3]

The Texas
Tort Claims Act Only Waives Immunity for Certain Tort Claims








A plaintiff wishing to avail himself of the Texas Tort Claims
Act=s waiver of sovereign immunity must
clear two hurdles.  First, the plaintiff
must plead a legally cognizable tort cause of action.  This is because the Texas Tort Claims Act
does not create a cause of action; the Act only waives the state=s sovereign immunity in limited
situations.  City of Tyler v. Likes,
962 S.W.2d 489, 494 (Tex.
1997); Seamans v. Harris County Hosp. Dist., 934 S.W.2d 393, 395 (Tex.
App.CHouston [14th Dist.] 1996, no
writ).  And second, the plaintiff=s claim must be one for which the
legislature has waived liability.[4]  Tex.
Civ. Prac. & Rem. Code ' 101.021 (specifying the types of
tort claims for which a state governmental unit is liable).  If, as in Mrs. Robinson=s case, the plaintiff has not alleged
a cognizable tort cause of action, the Tort Claims Act cannot waive the state=s immunity, even if the plaintiff
could satisfy the other requirements.

The Texas Tort Claims Act Does Not Apply
Because Mrs. Robinson=s Claims
are Contractually Based

Mrs. Robinson=s claims, although pleaded as tort causes of action, are in
fact, all contractually based.  All of
Mrs. Robinson=s claims stem from UTMB=s failure to use Mr. Robinson=s body for medical research and then
to return his ashes to his family as promised. 
Because the only duties UTMB owed to the Robinsons arise from the
parties= contract, I would conclude that all
of Mrs. Robinson=s claims are contractually-based.

1.         Determining the source of UTMB=s duties

As mentioned above, Mrs. Robinson alleged a negligence claim,
a gross negligence claim, negligent supervision, negligence per se, a special
relationship claim, and constructive fraud. 
We determine whether a claim sounds in tort or contract by looking to
the source of the legal duty.  See
DeWitt County Elec. Co-op., Inc. v. Parks, 1 S.W.3d 96, 105 (Tex. 1999); Univ.
of Tex. Med. Branch at Galveston v. Harrison, No. 14-02-01276-CV, 2003 WL
21803314, *3 (Tex. App.CHouston [14th Dist.] Aug. 7, 2003, pet. denied).  If the parties would owe no duties to one
another but for the contract, the claim is contractually based.  Harrison, 2003 WL 21803314 at *3 (A[I]f the defendant=s conduct would give rise to
liability only because it breaches the parties= agreement, the plaintiff=s claim ordinarily sounds only in
contract.@) (citing DeWitt, 1 S.W.3d at
105).  But, if the parties would owe
duties to one another even in the absence of a contract, the claim sounds in
tort.  Id.  (AWhere a defendant=s conduct would give rise to
liability independent of the fact that a contract exists . . . the plaintiff=s claim may also sound in tort.@) (citing DeWitt, 1 S.W.3d at
105).  Thus, I would first determine
whether each of Mrs. Robinson=s claims sounds in tort, so that the Tort Claims Act might
apply, or in contract, so that  Chapter
2260 might apply.








2.         The negligence claims

In her negligence claims, Mrs. Robinson alleges UTMB had a
duty to use her husband=s body only for medical research and to return her husband=s ashes to the family.  These duties clearly arise from the Willed
Body Form that Mr. Robinson signed.  This
contract outlined and limited the duties UTMB owed to Mr. and Mrs. Robinson.  In the absence of the parties= contractual agreement for the
donation of Mr. Robinson=s body for specified purposes and UTMB=s return of the body to his family,
UTMB would owe no duty to the Robinsons to use his body for medical research or
to ensure the return of his ashes to the family.  Accord, Harrison, 2003 WL 21803314, at
*3 (AApart from the duties created by [the
willed body form], appellees have not cited and we have not found, any Texas
case law recognizing a tort duty that UTMB owed to them and allegedly breached.@).  Thus, even though Mrs. Robinson called her
claims negligence claims, at their heart, they are contractual  and complain of the breach of the parties= agreement.  

3.         The special relationship claim








I also would find that Mrs. Robinson=s special relationship claim is
contractually based.  A special
relationship claim requires (1) a contractual relationship between the parties;
(2) the plaintiff=s particular susceptibility to emotional distress; and (3)
the defendant=s knowledge of the plaintiff=s particular susceptibility based on
the circumstances.  Lions Eye Bank of
Tex. v. Perry, 56 S.W.3d 872, 877 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied) (citing Johnson v. Standard Fruit & Vegetable Co., 984
S.W.2d 633, 638 (Tex. App.CHouston [1st Dist.] 1997), rev=d on other grounds, 985 S.W.2d 62 (Tex. 1998)). 
The contract itself is the basis of the duty to a deceased=s family to properly handle the
deceased=s remains.  See Pat H. Foley & Co. v. Wyatt,
442 S.W.2d 904, 906 (Tex. Civ. App.CHouston [14th Dist.] 1969, writ ref=d n.r.e.) (finding that the plaintiff=s Abasic allegation is that the
defendant failed to perform according to its contractual responsibility@). 
In the absence of a contractual relationship, a plaintiff cannot
maintain a special relationship claim.  Lions
Eye Bank, 56 S.W.3d at 877 (finding plaintiffs were precluded from
establishing the defendant owed them a duty not to negligently inflict mental
anguish because there was no contractual relationship).  Because a special relationship claim arises
solely from the parties= contractual relationship, Mrs. Robinson=s special relationship claim is also
contractually based.

4.         The constructive fraud claim

And finally, I would find that the constructive fraud claim
is contractually based.  Constructive
fraud is the breach of a legal or equitable duty which the law declares
fraudulent because it violates a fiduciary relationship.  Jean v. Tyson-Jean, 118 S.W.3d 1, 9
(Tex. App.CHouston [14th Dist.] 2003, pet.
denied) (citing Archer v. Griffith, 390 S.W.2d 735, 740 (Tex. 1964)).  Mrs. Robinson alleges UTMB committed a
constructive fraud by not returning her husband=s ashes to her after using his body
for medical research.  Here, as with the
other claims, the source of these duties was the contract between the
parties.  Mrs. Robinson has not provided
any Texas
authority for finding that UTMB owed other legal or equitable duties to her
husband or to her.  Therefore, the
constructive fraud claim, like the others, is also contractually based.

Conclusion

Because all of Mrs. Robinson=s claims are contractually based, she
was required to satisfy Chapter 2260=s administrative prerequisites to
proceed with her claim against UTMB.  Because
she has not done so, I would hold that UTMB has not waived its sovereign
immunity and the trial court properly granted UTMB=s plea to the jurisdiction.

 

/s/        Wanda McKee Fowler

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed June 30, 2005.  

Panel consists of Justices Fowler, Edelman and Elliot.[5]  (Elliott, J., majority.) 

 

 











[1]  I agree with
the majority=s conclusions that (1) Mrs. Robinson cannot proceed
with her claims because UTMB has not waived its sovereign immunity; (2) the
trial court properly granted UTMB=s plea
to the jurisdiction; and (3) Mrs. Robinson could not proceed with her breach of
contract claim because the failure to comply with Chapter 2260=s administrative
prerequisites has foreclosed that avenue
of recovery.  





[2]  The majority
holds that Mrs. Robinson has not alleged a use because the only intended use of
the body was as a cadaver; once that use was completed there could be no
further use.  Their contract specifically
stated that the body=s ashes should be returned to the family.  I believe that UTMB=s improper Ause@ of the ashes by mingling them with the ashes of other
donated bodies qualifies as a use of tangible personal property.  But, even though Mrs. Robinson may have
alleged a use under the Act, she still cannot prevail over the plea to the
jurisdiction for the reasons listed infra.





[3]  The majority
holds that Mrs. Robinson cannot pursue her special relationship claim for this
very reason.  I agree with the majority=s reasoning and result with respect to the special
relationship claim.  However, I believe
that all of Mrs. Robinson=s other claims are subject to the same analysis.





[4]  The Texas Tort
Claims Act waives immunity in two situations, stating:

A governmental unit in the state is liable for:

(1)        property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee acting within
his scope of employment if:

(A)       the property damage, personal injury, or death arises from
the operation or use of a motor‑driven vehicle or motor‑driven
equipment;  and

(B)        the employee would be personally liable to the claimant
according to Texas
law;  and

(2)        personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law. 

Tex. Civ. Prac. & Rem.
Code ' 101.021(1). 





[5]  The Honorable
Brady G. Elliott, Judge of the 268th District
 Court of
 Fort Bend
 County, sitting by
assignment pursuant to Tex. Gov=t Code ' 74.003(h) (Vernon 2005)