Opinion issued January 12, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00148-CV
 

 
 
OCTAVISH FREEMAN, Appellant
 
V.
 
HARRIS COUNTY, TEXAS, Appellee
 

 
 
On Appeal from the 164th District Court
 
Harris County, Texas
 
Trial Court Cause No. 2003-11144
 

 
 
OPINION ON REHEARING
 
          We withdraw our opinion of August 31, 2005 and issue the following opinion
in its stead. We deny Harris County’s motion for rehearing. 
          Appellant, Octavish Freeman, appeals the trial court’s order dismissing his
negligence claim against appellee, Harris County, Texas (“the County”), for lack of
subject-matter jurisdiction. In three separate issues, Freeman contends that the trial
court erred in granting the County’s plea to jurisdiction because (1) Freeman alleged
sufficient facts to show that the County had waived its immunity under the Texas Tort
Claims Act (“the Act”), (2) Freeman is entitled to recover damages for his mental
anguish and property loss, and (3) the County waived its governmental immunity
when it committed an unauthorized and or unlawful act. We reverse and remand.
Background
          The Harris County Medical Examiner’s Office (“the Office”) performed an
autopsy on the body of Freeman’s 27-day-old baby. The autopsy was required by law
pursuant to article 49.25, section 6(a)(7) of the Texas Code of Criminal Procedure.


 
After the autopsy, the Office informed Freeman that it had lost the baby’s body. To
date, the body has not been located.
          Katrina Jones and Freeman were the child’s biological parents. Jones filed a
civil suit against the County seeking damages for the loss of the baby’s body, and
Freeman intervened. In response to the intervention, the County filed a plea to the
jurisdiction. Following a hearing, the trial court granted the County’s plea to the
jurisdiction and dismissed the case. Freeman challenges the trial court’s order of
dismissal.


 
Governmental Immunity
          A plea to the jurisdiction is a dilatory plea challenging a trial court’s authority
to determine the subject matter of the cause of action without defeating the merits of
the case. City of Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 308
(Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing Bland I.S.D. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000)). While the underlying claims may form the context in
which a plea to the jurisdiction is raised, the purpose of the plea is not to preview or
delve into the merits of the case, but to establish the reason why the merits of the
underlying claims should never be reached. Id. To defeat a plea to the jurisdiction,
“the [plaintiff] must allege facts that affirmatively demonstrate the court’s jurisdiction
to hear the cause.” City of Houston v. Rushing, 7 S.W.3d 909, 914 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). In determining whether jurisdiction exists,
we accept allegations in the plaintiff’s pleadings as true and construe them liberally
in favor of the plaintiff. Texas Dep’t Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004); Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). A trial court’s ruling on a plea to the jurisdiction presents a question of
law which is reviewed de novo. Texas Nat’l. Res. Comm’n v. IT-Davy, 74 S.W.3d
849, 855 (Tex. 2002).
          In his pleadings, Freeman alleges that the County has waived its governmental
immunity to this suit because it was negligent in (1) using its tangible personal and
real property, which included certain motor-driven equipment


 and (2) in failing to
warn or make reasonably safe, a premise defect at its premises.


 Freeman also argued
that the County’s conduct constituted criminal negligence under section 42.08 of the
Texas Penal Code. See Tex. Pen. Code Ann. § 42.08(a)(1) (Vernon 2003)
(providing that a person commits an offense if he intentionally or knowingly
disinters, disturbs, removes, dissects, in whole or in part, carries away, or treats in a
seriously offensive manner a human corpse). In response, the County argued that its
immunity from suit was not waived because Freeman did not allege facts which
would result in the waiver of its immunity. Moreover, the County asserted that a
mental anguish claim and a violation of a criminal statute do not waive its
governmental immunity.
          Under the doctrine of governmental immunity, a governmental entity is not
liable for the negligence of employees absent a constitutional or statutory provision
for liability. Univ. of Texas Med. Branch at Galveston v. York, 871 S.W.2d 175, 177
(Tex. 1994). Section 101.021 of the Texas Torts Claims Act (the “Act”) sets out a
limited waiver of immunity for certain types of claims against the State and its
subdivisions, including claims involving the use of motor-driven equipment.


 Thus, 
the County remains immune from suit unless the plaintiff pleads a claim within the
scope of waiver under section 101.021 of the Act. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1-2) (Vernon 2005).Operation or Use of Motor-Driven Equipment
          In his first issue, Freeman argues that the County has waived its immunity
under section 101.021(1) because it was negligent in using its tangible personal and
real property, including an incinerator that is motor-driven, and this negligence
resulted in the loss of his baby’s body. The County concedes that the incinerator is
motor driven. The County argues, however, that it has not waived its immunity under
section 101.021(1) because, even if this equipment was used after the autopsy, the
equipment operated as designed to dispose of the baby’s body. Thus, the County
argues that any damages suffered by Freeman were caused by the negligent acts of
an individual employee and not by the negligent use of the incinerator, itself. We
disagree. 
          In this case, Freeman has alleged sufficient facts that, if true, waive the
County’s immunity from Freeman’s negligence claims under the Act. Section
101.021 provides that immunity is waived if the negligence of an employee acting
within the scope of his employment proximately causes damages and the damages
arise from the use or operation of the motor-driven equipment. Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(1)(A-B) (Vernon 2005). This section does not require
that, for the County’s immunity to be waived, the motor-driven equipment must be
used for something other than its intended purpose. See City of El Paso v. W.E.B.
Invs., 950 S.W.2d 166, 170 (Tex. App.—El Paso 1997, writ denied) (holding that
negligence of a City employee in ordering the motor-driven equipment to demolish
the wrong building waived the City’s immunity). The section merely requires that,
for immunity to be waived, the damages must “arise” from the employee’s use of
motor-driven equipment and that there be proximate causation between the
employee’s alleged negligence and the injury sustained. Id.
          Here, Freeman has alleged facts supporting his claim that his damages arise
from a County employee’s use of motor-driven equipment, i.e., an incinerator, and
that there is proximate causation between the employee’s alleged negligence and the
loss of his baby’s body. Freeman alleges, among other things, that the County’s
employees failed to follow County policy regarding the proper procedures for
handling the baby’s body and that this failure resulted in the use of the incinerator to
negligently dispose of the baby’s body following his autopsy. Accordingly, we hold
that the trial court erred in dismissing Freeman’s case for lack of subject-matter
jurisdiction. See id. 
We sustain Freeman’s first issue. 
 
Damages
 
          In issue two, Freeman argues that the trial court erred in granting the plea to the
jurisdiction because he is entitled to recover damages for his personal injury, property
loss, or both.
          Here, Freeman seeks recovery of damages for his mental anguish and
emotional distress resulting from the loss of his baby’s body. Texas courts generally
do not recognize a legal duty to avoid negligently inflicting mental anguish. City of
Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997); Boyles v. Kerr, 855 S.W.2d 593,
597 (Tex. 1993). However, the Supreme Court of Texas has noted that mental
anguish damages may be compensable when they are a foreseeable result of a breach
of a duty arising out of certain “special relationships,” including “a very limited
number of contracts dealing with intensely emotional noncommercial subjects such
as preparing a corpse for burial.” Likes, 962 S.W.2d at 496; see St. Elizabeth Hosp.
v. Garrard, 730 S.W.2d 649, 654 (Tex. 1987) (holding mental anguish damages
allowed when stillborn’s body was disposed in unmarked, common grave without
knowledge or consent of parents); Pat H. Foley & Co. v. Wyatt, 442 S.W.2d 904, 906
(Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref’d n.r.e.) (holding mental
anguish damages allowed when strong odor emanated from son’s casket at funeral). 
Special relationship cases generally have three common elements: (1) a contractual
relationship between the parties, (2) a particular susceptibility to emotional distress
on the part of the plaintiff, and (3) the defendant’s knowledge of the plaintiff’s
particular susceptibility to the emotional distress, based on the circumstances. Lions
Eye Bank v. Perry, 56 S.W.3d 872, 877 (Tex. App.—Houston [14th Dist.] 2001, pet.
denied).
          While there was no “contract” per se, the autopsy of Freeman’s baby was
statutorily-mandated pursuant to article 49.25, section 6(a)(7) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 49.25 § 6(a)(7). Freeman
would be particularly susceptible to emotional distress faced with the autopsy of his
27-day-old baby, and Harris County should have known of Freeman’s particular
susceptibility to the emotional distress, based on the circumstances. See Lions Eye
Bank, 56 S.W.3d at 877. 
          Accordingly, we hold that the County’s relationship with Freeman constituted
a “special relationship” under which mental anguish damages were allowable in the
absence of physical injury.
          We sustain issue two.
Conclusion
          Having held that Freeman has alleged sufficient facts to affirmatively show the
trial court’s subject-matter jurisdiction and that the County’s relationship with
Freeman constituted a “special relationship” allowing for mental anguish damages,
we need not address Freeman’s third issue regarding the County’s alleged
unauthorized and or unlawful acts.
          We reverse the order of the trial court dismissing Freeman’s case for lack of
subject-matter jurisdiction and remand the cause to the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Mirabal.